By the Court,
Lane, C. J.
Much of the testimony in this case consists in an attempt to prove and disprove fraud in the management of the property. It will be unnecessary for us to examine this, if we find that Ashby, the substituted trustee, had no authority to make sale.
Whether the courts in Virginia could confer any power, under any condition, to convey lands in Ohio, is a question which we need not now examine, although it would be difficult, after the case of Wills v. Cooper, 2 Ohio, 126, to sustain an authority to convey a legal title to land, except derived either from the owner, or from the court of territorial jurisdiction.
In this case, by the death of Buck, the land descended to his heirs. Neither they, the legal owners, nor Patsey Henry, who was the ultimate cestui que trust, with the right of acquiring a title to the land from the trustee by payment of the incumbrance, were parties. Without examining, then, how far the hebs of Henry were affected by these Virginia proceedings, it is plain that Buck’s heirs and Mrs. Henry are not concluded. The legal title still remains in Buck’s heirs, and Mrs. Henry may enforce the execution of the trust, either by the trustees she united in selecting, or by the courts of this State ; or she may redeem the land under the provisions of the deed. The sales, therefore, under the proceedings in Virginia, are held entirely void and set aside, but a compensation should be made to the purchaser,, under the principles of our occupying claimant law.
*49 The caséis referred to a master to take and state, 1. An account of the amount of debts secured by the trust which remain unpaid, with their present holders. 2. The value of the improvements. All further questions are reserved to the further hearing.