McIlvaine, J.
The conclusions at which we have arrived in regard to some of the questions raised upon the record, and the consequent return of the case for a new trial upon the facts, render it unnecessary, if not positively objectionable, that we should express an* opinion upon other important questions which have been presented with much labor' and ability by counsel. Without, therefore, undertaking to consider whether or not an express trust can be raised by parol, or unwritten evidence alone, upon a deed of conveyance absolute upon its face, or whether or not the testimony set out in the record sliows a resulting trust in favor of Nathaniel S. Hubbell, Sen., and his heirs, under the deed of June 10, 1846, to his son, William M., we will proceed to state our views as to the competency of the plaintiffs, and of Nathaniel S. Hnbbell, Jr., whose, interest in the action was identical, with that of the plaintiffs, to testify against the heirs of Rebecca C. Hubbell, as to facts which, occurred before the death of their mother.
*221 Section 310 of the code (S. & C. 1035) provides, that “ no person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same as a party or otherwise.” This rule, however, is qualified by section 313, as amended April 15, 1867 (S. & S. 556), so that “ no party to a civil action shall be allowed to testify by virtue of section 310, in any action where the adverse party” claims or defends as heir or devisee of a deceased person to facts which occurred before the death of the decedent or parent, except as provided in the section. The only doubt that has been suggested as arising upon the terms of this rule of exclusion, is as to the relation that must exist between the party disqualified as a witness and the “adverse party,” in respect to either the action itself or to the facts in issue.
On these questions we are entirely satisfied, not only from the light of decided cases (see 13 Ohio St. 263; 17 Ohio St. 640, and 18 Ohio St. 73), but upon the true construction of the statute, that both the party disqualified and the adverse party referred to must be parties to the record, and adversely interested in the determination of the issues of fact, and they must be so related to the action and the issues at the time of trial, but it matters not whether they stand upon the same side or opposite sides of the record.
In the practical application of this rule of exclusion, it is scarcely necessary to say, yet it must be distinctly kept in mind, that it has nothing to do with the question of competency or admissibility of the testimony, but relates solely to the competency of the person or party as a witness.
How, then, stands this ease? The heirs of Rebecca C. Hubbell, parties to the record, claim the absolute ownership of the property in controversy, by descent from their mother, and have joined issue with the plaintiffs (and for the purpose of claiming the protection of this rule of ex-elusion, with Nathaniel S. Hubbell, Jr., also), by denying that the estate which passed by the deed of Juno 10, 1846, from Nathaniel S. Hubbell, Sen., to William M. Hubbell, was a trust estate.
*222 Ilonce, it was the interest of the plaintiffs to establish the trust and fasten it upon this property, to which determination of the issue, the interest of the heirs of Rebecca C. Hubbell was adverse. Now, the testimony of the parties objected to, tended to prove the trust, and (waiving objections under the statute of frauds) it was clearly admissible and competent for that purpose. Nevertheless the parties objected to were incompetent as witnesses against the defendants who claimed as heirs, in so far as their testimony related to facts which occurred before the death of Rebecca C. Hubbell.
But it is claimed that the foregoing application of the rule, under section 313, in favor of the heirs of Rebecca C. Hubbell, is contrary to the legislative intent, because, as it is said in argument, “ The only fact material to be shown in respect to them was, that their mother was a volunteer, the conveyances from William Hubbell to Rice and from Rice to her being without consideration. That fact being proven, Or admitted, as it was, they had no rights to the property, except such as their father could give by a voluntary conveyance ; and it only remained to make out the case against him to entitle the plaintiffs to the relief demanded. The ‘ adverse parly ’ referred to in the statute, in the present case, was William M. Hubbell; and on his behalf, and as against him, no objection could be made to the witnesses. The children of his wife, although necessary parties, were only collaterally interested, as claiming a title dependent on his, which, they being volunteers, necessarily fell or stood according to the fate of his. The fact that their title was no better than his, depended on the single fact that their mother paid no consideration for the conveyance, as was apparent, indeed, from the nature and face of the transaction, Rice being used simply as a medium by which the husband should convey to the wife, and the witnesses objected to were not called to prove that; so that the witnesses being compétent to establish the nature of his title, the effect of the testimony, by operating on that of the heirs of his wife, through him, was necessary matter of law. To *223 sustain tbe objection would be to protect William M. Ilnbbell beyond and contrary to the intent of the statute, the whole object of which evidently is to protect heirs and devisees from claims which it supposes their ancestor, if alive, would have it in his power to defeat. But hero the very party from and under whom they claim is alive and a party defendant, against whom also relief is sought. So far from being allowed to interpose to shield him, on their account, from evidence to which he can make no legal objection, the fact that it is admissible against him deprives them of any claim to object to it under the statute. The equity of the plaintiffs having been established against William Hubbell, the finding'is conclusive against all claiming under or through him not protected by an independent and substantial equity of their own ; so that, if he had been declared trustee for the plaintiffs in a separate proceeding, the finding and judgment could have been used in a subsequent action against the children of his wife as an estoppel, conclusively establishing the nature of the title acquired from him, at the date of its acquisition, by them, and as the foundation for specific relief as against them, entitling the plaintiffs to a reconveyance, unless the children, as holders of the legal title, could successfully defend upon the ground of a superior equity, such as purchasers for value without notice.”
The fault of this argument is found mainly in the propositions that the heirs of Rebecca C. Hubbell were only collaterally interested in the issue of trust or no trust, and that William M. Hubbell, their father, was “ the adverse party ” referred to in the statute. These heirs were confessedly the holders of the legal title, by descent from their mother. And it must be conceded that the whole estate, wdiatever its extent or character, which vested in their lather by the deed of 1846, was transferred by deeds of conveyance to their mother, and at her death passed to them. It it be conceded, for the sake of this question, that the transfer from the father to the mother was without consideration, then it follows that, if the estate granted to him *224 was in trust, her legal representatives took as trustees of the same trust; and, if the estate in him was an absolute fee, then they hold an absolute and indefeasible inheritance. Hence, whatever may have been the nature of the title or estate of the father, it had wholly divested, and had passed to the legal representatives of his wife; and whether the estate cast upon her heirs be such as is admitted by defendants in error, or such as is claimed by them, it is clear the father had no direct interest in the issue, except to protect his newly acquired estale by the curtesy.
It is true, that the plaintiffs in their petition pray for an account as between William M. Hubbell and Eliza Hub-bell, for the rents and profits received by him as her trustee, and it may be that to the extent the issue between said William and Eliza, on her claim for an account, was presented in the case, the heirs of Rebecca were only collaterally interested. It may be added, however, that to such issue they were not necessary parties.
But the main object of the action was to fasten upon the land itself, in the hands of the owners of the legal title, the character of a trust estate, and. to subject it to the purposes of the trust; and to all issues touching the status of the property, and the relation thereto of the parties claiming an interest in it, William M. Hubbell, who, as the petition itself shows, had parted with his title, and was estopped by his deed from reasserting any interest in it, was not a necessary party or interested in the suit, except only as to his new estate by the curtesy. And in his new character as tenant for life by the curtesy, he was in no sense such a representative of the tenants in fee, or in such privity of estate with them, that a judgment or decree affecting his estate would be conclusive upon them and their estate. If, indeed, such judgment or decree could, in any event, be used in evidence against them, and it wrere shown that it was rendered upon the testimony of witnesses who would have been incompetent to testify as against them, it would be entitled to but little if any weight.
Nor did the appearance of William M. Hubbell, as a co- *225 defendant in the action, remove the incompetency of witnesses, as against the tenants in fee, who would have been clearly incompetent to testify against them, had he not been such party.
Nor could the act or admission of William M. Hubbell,. made after the transfer of all his estate in the premises to his wife, in any way affect the title of his assignee, or of her heirs. In so holding, however, we do not deny that his-subsequent declaration of the trust in writing (if a writing-for that purpose be necessary), would take the ease out. of the operation of the statute of frauds. But such declaration could not be used against his assignee to prove the existence of the trust. The theory in such a case seems to-be, that if the trust can be proven aliunde, and such declaration be used only for the purpose of satisfying the terms-of the statute, it can not be said that the assignee is deprived of any interest or estate by virtue of the act of the assignor-done after the conveyance, for the reason, that it is made to-appear by the proof aliunde that no beneficial interest -or estate passed by the assignment. But the logic of such a-case will not apply in this case, for the reason that the incompetency of a party as a witness against the adverse-party claiming as an heir, does not depend upon the fact that, a beneficial estate has been cast. By the plain meaning of section 313, the incompetency arises where the adverse party claims an inheritance or defends as an “ heir.”
• Another question of some difficulty arises. William M.. Hubbell, the first holder of the alleged trust estate, was co-defendant with the heirs of Rebecca, and claimed an interest in the property as tenant by the curtesy. His claim depended on the same issu'e of trust or no trust, and it can not be said of him that he defended as an “ heir.” The-question then is, were the adverse parties competent to testify against him? If the action had been against him alone, clearly they would have been competent; but the-effect of the joinder is the question. My mind inclines to-the opinion that the incompetency of the parties as witnesses was thereby extended to all the issues in the case^ *226 and as to all the adverse parties. The terras of the section .are, “ No party to a civil action shall be allowed to testify, by virtue of section 310, in any action where the adverse party is .... a 'party claiming or defending as heir,” ■etc. But waiving further discussion as to the construction of this statute, the case must yield to the better opinion of my brethren (which leads to the same- result in this case), who hold the true rule to be, that where there are two or more persons, plaintiffs or defendants, claiming several interests under the same title or alleged state of facts, and the adverse party is a competent witness as against one or more of them, and incompetent, under section 313 of the code, as against the others, and the case is one in which separate judgments may be rendered, the testimony •of such party should be received in evidence, but used and ■considered only as against those as to whom the witness was competent; and the court should render such judgment or judgments in the action as would have been, warranted by the evidence, in case there had been separate .actions — the evidence being considered in one of such actions, and not in the other.
In applying the principles here laid down, we are of •opinion that there is manifest error in the record before us: That the Superior Court, at general term, erred in affirming the judgment rendered at special term, and that the court .at special term erred in admitting the testimony of the plaintiff aud Nathaniel S. Hubbell. Jr., agaiustthe heirs of Rebecca C. Hubbell, as to facts which occurred before the ■death of their ancestor, and in overruling the motion of ■said defendants for a new trial, upon the ground that the findings and judgment of the court against said heirs were against the law and the evidence. And we are of opinion 'that the judgment against William M. Hubbell should also be reversed, for the reason that it fairly appears upon the record, that the measure of relief granted as against him was determined and controlled by the findings of the court, •as against his co-defendants, and therefore ought not, in <equity, to stand as a final determination of the rights of the *227 parties under the issues joined between the plaintiff below and the said William M. Hubbell.
Judgment of affirmance and original judgment reversed, and cause remanded for further proceedings.