Johnson, C. J.
The competencyof Almack to testify to transactions and conversations with plaintiff’s deceased agent, depends on a construction of sections 5240, 5241 and 5242 of the Revised Statutes, and especially of the last clause of section 5242, which reads: “ and when a case is plainly within the reason and spirit of the last three sections, though not within the strict letter, their principles shall be applied.”
Section 5240 abrogates the common law rule, and makes all persons of sufficient capacity competent; this makes Almack, though a party, a competent witness for all purposes, the same as if he were not a party.
. Section 5241 relates to the competency of testimony, and excludes privileged communications as therein defined, and also prevents a person from becoming competent by assignment, sale or transfer, when if a party he would be incompetent.
Section 5242 is a limitation on the competency of a party . which is conferred by the general provision of section 5240» *316 and makes such party incompetent, when the adverse party, is the guardian or trustee of a deaf and dumb or insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased person. To this general exclusion, when the adverse party is acting in a fiduciary or representative character, there are eight specified exceptions, they each are exceptions to the general provisions of the section and have no application to cases where the parties are sui juris, but where the adverse party is acting in such fiduciary or representative character.
It is conceded by counsel for plaintiff, that Almack cannot be excluded from testifying under the expressed provisions of either of the three sections, but it is insisted that though not excluded by “ the strict letter ” of the statute he is, by the reason and spirit of the three sections named, and that by applying the principles of these sections ho was incompetent to testify to acts and transactions of a deceased agent of the plaintiff.
At common law, the acts of a deceased agent, and admissions made within the scope of his agency, could be proved against the principal by any competent witness. Section 5240 expressly makes Almack competent for that purpose.
Section 5242 applies only where the adverse party is acting in a fiduciary capacity or claims or defends as a representative of their grantee, &c., &c.
What is the scope of the clause .under consideration it would be difficult to say, in advance of cases as they may arise. It calls for the application of the principles of the three preceding sections, only when the case is not provided for by either of these sections. If the case is not within the letter, but is plainly within the reason and spirit of these sections, their principles shall be applied.
It follows, that if a case is provided for, by the terms of either of the sections, no occasion can arise for invoking the spirit and reason of the statute to supply the omission of its letter or terms.
A majority of the court are therefore of the opinion that *317 this clause does not warrant a construction which would exclude a witness, when he is declared to be competent by the express terms of the statute, and that it can only be resorted to in cases not therein expressly provided for.
Apply these principles to the case at bar. By the express terms of section 5210, Almack was a competent witness, to prove transactions with the deceased agent of the plaintiff. By section 5212, he is rendered incompetent only when the adverse party is acting in a fiduciary or representative character, and by the exceptions he is made competent to a limited extent in certain specified cases. These exceptions all look to his admission as a witness, none of them to his exclusion. Although he is excluded in the cases named in the general exclusion provided for by the section, yet, if the facts occurred subsequent to the appointment of the guardian or trustee, or, in other eases, after the death of the grantor, heir, &c., or when an agent of a deceased party testifies, or in case of acts and admissions of a living party, relied on by the adverse party in these and some other cases, he is not excluded. So, also, where a party testifies, or give his deposition, and dies, the opposite party may testify as to the same matter. All these exceptions are intended to place the living party on an equality with the opposite party. The reason and spirit of these exceptions to the rule of exclusion is in favor of admitting, not excluding the living party, where the opposite party is claiming or defending in the right of a deceased person, and some act or admission of the living party is relied on against him, or, in analogous cases, an exception is made in favor of the living party as to such transaction or admission, so as to place him on an equality.
As was said in Bomberger v. Turner, 13 Ohio St. 263, “ it would be going too far, for us, on its assumed propriety, to add a disqualification not already specified.” This remark, as well as the reasons given for it, are of equal force, when it is sought to disqualify one not already excluded by the terms of the statute. That there may be eases where the rule here invoked might apply, is easy to suppose, as for instance, where a minor having an indirect interest, testifies in an action by his guardian *318 to acts of defendant, not conversation or admissions, the defendant might thereby become a competent witness as to those acts, though the adverse party was a guardian.

Judgment affirmed.

Okey, J.
Robert H. Cochran brought suit on a note against Thomas Almack, who testified that he paid $200 on it to Wheeler Cochran, son and agent of the plaintiff, and that Wheeler Cochran died before the cause was called for trial. The plaintiff’s objection to the .testimony was overruled, and that is the error relied on for the reversal of the judgment.
Aside from the statute, the reason for excluding this testimony was no less strong than it would have been if Wheeler Cochran had, at the time of the alleged payment, and until his death, been the owner of the note. All the evils of permitting one to prove, by his own oath, his claim against a deceased person’s estate, applies to the case. True, Almack was a competent witness. All persons who have sufficient mental capacity to testify, are competent witnesses. Nobody is excluded as a witness under either section- 5241 or section 5242 of the Revised Statutes; but under those sections various limitations and restrictions are placed on testimony. These limitations and restrictions do not apply in terms to one situated as Almack was in this case, although his testimony as to such payment was within the reason and spirit of such limitations and restrictions, and hence his testimony in that regard should have been excluded under the following clause at the end of section 5242 : “ When a case is within the reason and spirit of the last three sections, though not within their strict letter, their principles shall be applied.” What witnesses may be admitted or excluded by force of this clause, as not being within the strict letter of section 5240, but within its spirit, it is unnecessary now to inquire. .
The principal limitations and restrictions on the testimony of witnesses were originally placed in sections 313 and 314 of the Code of 1853, incorporated into the Revised Statutes, §§ 5240-5242. ' Those sections had been repealed and re-enacted with changes very often before the revision was made. After a *319 number of changes had been made, Peek, J., in speaking of section 313, said : “ The section has been revised, altered and modified several times by the legislature, and it would be going too far for ns, on its assumed propriety, to add a disqualification to those already specified.” Bomberger v. Turner, 13 Ohio St. 263. And that rule was rigidly enforced previous to the adoption of the Revised Statutes. Though a strict construction of a remedial statute, such construction was, under the circumstances, perfectly proper. Another illustration of its application is found in Myers v. Walker, 9 Ohio St. 558, in which it was held that under the code as originally adopted, the assign- or of a chose in action was a competent witness for the assignee, in an action by him against the administrator of the debtor to prove any fact in the case, whether occurring before or after the death of the debtor. The legislature, it will be seen, has changed the statute, so as to prevent such injustice.
Experience at length satisfied the legislature that, however full and explicit, however carefully prepared, such limitations and restrictions might be, injustice would sometime^ be done by adhering literally to the terms of the statute. The wit of man could not provide in that way for all cases concerning which provision should be made. Sometimes injustice would arise by excluding evidence which'should, injustice, be admitted, but more frequently by admitting evidence which should be excluded. The- result was the incorporation of the above quoted clause in the statute, which, construed as it should be, not strictly but liberally, fairly excluded the evidence of Almack as to the payment alleged to have been made to one who could neither meet him face to face nor answer him by deposition. I disagree entirely with the narrow construction placed on this remedial statute. Indeed, if Almack was competent, under such circumstances, to prove the payment by his own oath, I am at a loss to imagine, a case in which the provision should be applied.
In my opinion the clause quoted will occasion no serious inconvenience in practice. It is not likely to be applied by judges, either in admitting or excluding evidence, in such- manner as to do injustice; and where testimony is received or ex- *320 eluded by force of it, I apprehend the ruling should not be reversed unless it olearly appears that injustice has been done However that may be, the clause is the declared will of the legislature, and we are not at liberty to disregard it.
In my opinion the judgments below should be reversed.