## ACTION AGAINST AN INSANE WOMAN FOR NEGLIGENCE OF HER EMPLOYEES.

Court of Appeals for Hamilton County.

JOHN F. NOLAN v. SOPHIA HABERER ET AL.

Decided, February 28, 1914.

*Evidence—Competence of Plaintiff's Testimony Against a Guardian for the Defendant Appointed After the Happening of the Injury Complained of—Error in Taking Case from the Jury.*

1. One who is injured through the negligence of employees of the insane owner of the business which the said employees were engaged in carrying on is not competent, in an action for damages on account of such injuries, to testify against the guardian, where the insanity of the defendant was not officially declared until after the suffering of the injury complained of, notwithstanding the insanity of the defendant existed theretofore and the facts of the case were not within her personal knowledge.

2. Employees of one who has caused lumber to be piled in a dedicated though unimproved street are bound to exercise a high degree of care to avoid injury to persons who may desire to use the street, and where the evidence is conflicting as to whether the injury to plaintiff by a falling board was due to the negligence of said employees or to his own contributory negligence, the case should be submitted to the jury.

*G. C. Wilson* and *J. E. Fitzpatrick,* for plaintiff in error.
*Pogue, Hoffheimer & Pogue,* contra.

JONES, E. H., J.; SWING, J,. and JONES, O. B., J., concur.

This action was brought in the court below by John F. Nolan against Sophia Haberer, doing business as Haberer & Company, and Jacob F. Haberer, guardian of Sophia Haberer, a lunatic, to recover damages for an injury which he sustained in June, 1908, by being struck on the head by a board while passing along Berlin street in the city of Cincinnati, which board was being removed from a pile of lumber in Berlin street owned by the defendant Haberer & Company. Two employees of Haberer & Company were taking lumber from this pile, one being upon

the lumber pile and the other standing on the street. The lumber was being placed on a wheeled truck, which was on the street, for the purpose of wheeling it into the factory. The end of a stick of lumber struck plaintiff on the head causing severe injuries to him.

Berlin street is a public street of the city of Cincinnati, but has never been improved. It is partly filled and is open for wagon and pedestrian travel. There is a short sidewalk from Gest street south, but it does not extend as far south as the place of the accident, and people drive over the street principally for service to the factories that are built along it, and pedestrians use it between Gest and South street.

It appears also that defendant had been in the habit of storing lumber upon this street and that the east part of it was occupied by lumber piles where the surface of the street permitted; that there was a lumber pile against the building of Haberer & Company on the west side of the street where the accident occurred, and the traveled roadway was between this lumber pile, which extended six or seven feet into the street, and the lumber pile from which the board that caused the injury was taken. The truck upon which the lumber was loaded was about three feet wide and was placed about five to seven feet west of the lumber pile from which the lumber was being taken and about four feet east of the lumber pile which was at the west edge of the street. Plaintiff was walking southwardly from Gest street.

The petition alleges that the injury occurred June 8, 1908, through the neglect of the defendant and without fault on the part of the plaintiff.

The defendant Jacob Haberer filed an answer admitting that he was the guardian of Sophia Haberer, a lunatic, and was appointed as such subsequent to the time of the accident, and admitting the ownership of the plant of Haberer & Company by said lunatic, and that it was operating a manufacturing establishment fronting on Evans and Summer street and extending through to Berlin street, and denied the other allegations of plaintiff's petition; and for a second defense pleaded that plaint-

iff was guilty of contributory negligence in that he "deliberately put himself in a place of danger and negligently and carelessly persisted in continuing to walk along said unimproved Berlin street, on which there were lumber piles where passage was so difficult, and easily visible to the plaintiff, and when by passing only a short distance around the corner in another direction he could have avoided any danger, and notwithstanding that knowledge the said plaintiff took no measures of any kind to avoid being struck or injured by the board referred to in the petition of the plaintiff herein."

And for a third defense defendant says that if plaintiff was in any manner injured by any act of defendant or her agents, servants or employees, that said injury was caused wholly by his own negligence and carelessness and without fault, neglect or carelessness of her servants, agents or employees.

Plaintiff was offered as a witness in his own behalf, and objection was made to his competency as a witness under Section 11495, General Code. The court sustained the objection and refused to permit him to testify as to the circumstances of the accident. Exception was taken to this exclusion as a witness, and this is urged as one of the errors relied upon by plaintiff in error in this proceeding.

This ruling of the trial court excluding plaintiff's testimony as to facts occurring prior to the appointment of a guardian must be sustained. The circuit court of this circuit has ruled upon this question in a case involving the same defendant, *Ransom* v. *Haberer,* 13 C.C.(N.S.), 511. This case was affirmed by the Supreme Court without report, and while it is argued that the circumstances of that case differed from those of the instant case because the evidence shows that the insanity of Sophia Haberer existed long before the accident, still the Legislature have seen fit to allow only facts which occurred after the appointment to be testified to by the party opposed to such guardian, and the date of the appointment must therefore control.

If this were a new question the court might be disposed to hold that the qualifying words found in this section, "when a case is plainly within the reason and spirit of the next three

preceding sections, though not within the strict letter, their principles shall be applied,'' might permit plaintiff to testify in a case of this character where the facts are wholly outside of the personal knowledge of the insane person—the business having been carried on entirely by others long before her incapacity had been officially declared by any court and a guardian appointed for her. For a discussion of this question, see the case of *Cochran* v. *Almack*, 39 O. S., 314, and the dissenting opinion of Okey, J., on page 318.

At the close of plaintiff's evidence the court granted defendant's motion for an instructed verdict. Upon this verdict judgment was entered for defendant, and this is the principal error remaining upon which plaintiff in error relies for a reversal of the judgment below.

The petition contains but one charge of negligence against the defendant, viz., that her employees carelessly dropped a board from said lumber pile which struck the plaintiff upon his head while he was lawfully walking along and upon said street. It seems to us that there can be no doubt that this states a good cause of action. It follows that if there is any evidence ending to support the allegation, the question of the negligence of the defendant and the contributory negligence of the plaintiff, which is raised by defendant's answer, were questions which should have been submitted to the jury for its determination. No question is raised by the record as to the plaintiff having been lawfully upon the street at the time. It was a dedicated street, and the fact that it had never been regularly improved did not change the rule as to the right of any pedestrian who saw fit to pass along that street. There is nothing in the record to show that the defendant had any authority to store her lumber upon the public highway, and while it may not have been necessary to show authority for such use of a public street by defendant, defendant is not in any way relieved from her obligation to so use the public highway in handling her lumber as not to interfere with or injure any pedestrian or other person who might lawfully be upon the street.

The testimony of the principal witness, the man upon the lumber pile, who undertook to detail the manner of the accident, is in itself somewhat conflicting. The trial judge in his charge to the jury undertook to give his conclusion as to just how the accident occurred, and accepted certain parts of the testimony of this witness and rejected other parts. In so doing, he clearly usurped the province of the jury.

In discussing this evidence, the trial judge concluded that plaintiff was guilty of contributory negligence, from the fact, as he found it, that he had stooped at the moment the board struck him on the head. As it is natural for anyone to duck the head or move the body, upon seeing the approach of an object like the end of a board waving in the air this conclusion is hardly justified, and seems to be drawn from the statement of the witness that he expected the plaintiff to pass close to the pile of lumber under the board instead of undertaking to go around the board on one side or the other of the truck upon which the boards were being loaded.

As was stated in the opinion of the court in *Steubenville Trac tion Co.* v. *Brandon,* 87 O. S., 187, at page 196:

"Such a situation presents a case where different minds might reach opposite conclusions, and thus was a proper case for a jury under proper instructions."

The trial court assumed that the warning word used by the defendant's employee, who was on the ground engaged in the handling of the lumber, was addressed to plaintiff. The evidence did not justify this assumption. It was argued by counsel for plaintiff that this so-called warning might have been considered as addressed by him to his companion on the top of the lumber pile for his guidance in the handling of the lumber, rather than to the plaintiff.

This position taken by the trial court is manifestly based upon the theory that the man handling the lumber had a prior and better right to the use of the street than had the plaintiff, and that upon warning being given, it became the duty of the plaintiff to turn back or to wait until defendant's employees saw fit

to allow him to pass. This surely can not be the law, and rather are we inclined to the view that it was the duty of the defendant to exercise a high degree of care in preventing injury to anyone in the lawful and customary use of the street.

This, therefore, is not a case where the evidence of the plaintiff raised a clear presumption of negligence upon his part without any evidence tending to rebut it, which theory is the only one upon which the action of the court below could be sustained.

As touching. facts and the law in this case, we think the following citations are worthy of notice: *Ham* v. *Ry. Co.*, 23 C. C., 496; *Penn. Co.* v. *Rathgeb*, 32 O. S., 66; *M. & C. R. R.* v. *Picksley*, 24 O. S., 654; *C., C. & C. R. R.* v. *Crawford*, 24 O. S., 631; *Cin. St. Ry. Co.* v. *Snell*, 54 O. S., 197, and the most recent case of *Gibbs* v. *Village of Girard*, 88 O. S., 34.

. For the reasons above stated, the judgment is reversed, and the case remanded to the court of common pleas for further proceedings.