Jones, J.
 

 In his brief the prosecuting attorney states that the signed confession in his possession had been submitted to the grand jury as part of the evidence supporting the finding of the indictment. There is nothing in the record to support this statement, nor is that fact determinative of the legal question involved, which is: Can the defendant or his counsel by an order of the court compel the prosecuting attorney to submit to
 
 *216
 
 them a paper writing, purporting to be a confession, signed by the defendant, and in the possession of the prosecutor, for the purpose of inspection and copy?
 

 By its order the trial court determined this question in the affirmative, conceiving that Section 11552, General Code, authorized such order and compliance upon the part of the prosecuting attorney.
 

 The precise question presented has not so far been determined by this court, although a principle somewhat analogous was discussed in
 
 State
 
 v.
 
 Rhoads,
 
 81 Ohio St., 397, 91 N. E., 186, 27 L. R. A., (N. S.), 558, where Price, J., delivering the opinion, said that neither a transcript of ah interview nor the stenographer’s notes of the testimony taken before the grand jury could be considered as
 
 evidence
 
 within the purview of Section 5290, Revised Statutes, now Section 11552, General Code. If they could be considered as
 
 evidence,
 
 he queried whether they could be admitted in a criminal proceeding, and whether the provisions of that section could be extended to criminal cases by the application of Section 7289', Revised Statutes, now Section 13664, General Code.
 

 The signed confession executed by the defendant, if voluntary, is evidence, and could be offered by the state as part of its proof, enabling a conviction.
 
 State
 
 v.
 
 Knapp,
 
 70 Ohio St., 380, 71 N. E., 705, 1 Ann. Cas., 819;
 
 State
 
 v.
 
 Doty,
 
 94 Ohio St., 258, 113 N. E., 811. Its admissibility, of course, depends on the fact whether the signed confession was voluntarily made. This preliminary fact is determined by the court on a
 
 voir dire
 
 
 *217
 
 examination,, wherein the burden of proof is placed on the defendant to show that the confession was involuntarily made, or obtained by improper inducements. Ruf
 
 er
 
 v.
 
 State,
 
 25 Ohio St., 464.
 

 While in a civil case a signed confession of this character could be introduced as substantive evidence showing a declaration made against interest, and an inspection and copy thereof compelled under the provisions of Section 11552, General Code, we are of the opinion that in criminal cases such inspection and copy cannot be compelled. That section is found in the Code of Civil Procedure, and does not apply to criminal cases, unless it is made applicable by Section 13664, General Code. That section reads as follows:
 

 “Except as otherwise provided, the Code of Civil Procedure relative, to compelling the attendance and testimony of witnesses, their examination, the administering of oaths and affirmations, and proceedings for contempt to enforce the remedies, and protect the rights of parties, shall extend to criminal cases so far as applicable.”
 

 While the Legislature had ample power to provide that the provisions of Section 11552, General Code, should apply generally to criminal cases, it did not do so. In Section 13664, General Code, there is a requirement that the Code of Civil Procedure should be extended specifically to criminal cases, in so far as it relates to the attendance, testimony, examination, and oaths of witnesses. The inspection of documents does not come within either of these special provisions. The extension of the civil section to criminal cases, covering remedies and protection of the rights of
 
 *218
 
 the defendant generally, other than, those specifically named, is confined to proceedings for contempt only.
 

 We are unable to see how a- denial of such inspection and copy would seriously interfere with the rights of the defendant. This, could be safeguarded on the trial. If the prosecuting attorney, after proof that the confession in his possession was signed by the defendant, should offer it as evidence tending to establish proof of guilt, or should examine a witness in relation thereto, defendant’s counsel could then make a demand for it, and it would be the duty of the court to submit the written confession for inspection by counsel; but the defendant has no right to demand or compel the inspection or copy of a signed confession unless the state attempts to use it at the trial.
 

 The exceptions are sustained.
 

 Exceptions sustained.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.