Haut, J.
 

 The defendant makes incidental claims that the plaintiff was not entitled to a reversal of the judgment of the trial court by the Court of Appeals on the grounds that he did nbt make any offer to prove an essential issue in his action for divorce, namely, that he was and had been for at least 30 days a
 
 bona fide
 
 resident of Summit county and had been a resident of the state for at least one year before filing his petition; that he did not proffer any evidence sufficient to sustain any statutory ground for divorce; and that he did not offer or proffer any evidence to rebut the case made by the defendant upon her cross-petition for alimony.
 

 A sufficient answer to these cláims is that, since the denial of the right of the plaintiff to testify was based upon the court’s view that plaintiff was an incompetent witness and not upon the ground that the testimony which he might have given, had he been permitted to testify, was incompetent, no proffer was necessary.
 
 *173
 
 Where a court rules that a witness through whom competent evidence might otherwise have been produced is incompetent to testify, no proffer of testimony is necessary to challenge the ruling of the court. 64 Corpus Juris, 123, Section 141;
 
 Old Silver Beach Corp.
 
 v.
 
 Inhabitants of Falmouth,
 
 266 Mass., 224, 165 N. E., 1;
 
 Grieve
 
 v.
 
 Howard,
 
 54 Utah, 225, 180 P., 423;
 
 Mutual Life Ins. Co. of New York
 
 v.
 
 Oliver,
 
 95 Va., 445, 28 S. E., 594;
 
 Muskeget Island Club
 
 v.
 
 Inhabitants of Nantucket,
 
 185 Mass., 303, 70 N. E., 61. The rejection of a competent witness will be held prejudicial although the facts he was expected to testify to are not shown.
 
 Wolf
 
 v.
 
 Powner, Exr.,
 
 30 Ohio St., 472.
 

 If the plaintiff was a competent witness but was erroneously denied the right to testify, the defendant cannot successfully claim a failure on the part of the plaintiff to make out a case on his petition or a defense to the cross-petition of the defendant.
 

 The principal question, therefore, to be determined in this case is whether a plaintiff in a divorce action may testify in his own behalf where the action is defended by a trustee for the suit appointed pursuant to Section 11249, General Code, requiring that, in the absence of a guardian or in case of his disability, the defense of an insane person be by a trustee for the suit appointed by the court in which the action is pending.
 

 Formerly, husband and wife were not competent to testify in civil actions for or against each other, but Section 11493, General Code (formerly Section 310 of the Civil Code, adopted in 1853, 51 Ohio Laws, 108), provides:
 

 “All persons are competent witnesses except those of unsound mind, and children under 10 years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
 

 
 *174
 
 Within Part Third, Title IY, Division YU, Chapter 3 of the General Code, entitled “Divorce and Alimony,” is found Section 11988, General Code (formerly Section 5697, Revised Statutes, 88 Ohio Laws, 531)-, which provides that: “ * # * The parties, notwithstanding their marital relation, shall be competent to testify in actions and proceedings under this chapter to the same extent that any other witness might.”
 

 But the defendant claims that the plaintiff is ren- • dered an incompetent witness in the instant case by force of Section. 11495, General Code, which, feo far as applicable to this case, is as follows:
 

 “A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, * * * except:
 

 “1. The facts which occurred after'the appointment of the guardian or trustee of an insane person * * *.” It becomes necessary to determine whether the section of the Code last quoted applies to the trustee for the suit appointed by the trial court in the instant case. In discussing the matter of competency of witnesses to testify under Section 5242, Revised Statutes, now Section 11495, General Code, Judge Dickman, in his opinion in the case'of
 
 Roberts
 
 v.
 
 Briscoe,
 
 44 Ohio St., 596, 600, 10 N. E., 61, said:
 

 “When we consider the enlightened progress made through the Code in relaxing the rigid rules as to the competency of witnesses, we can not but be impressed with its liberal spirit, and inclined, in order that justice may not fail, to apply to it such canons of interpretation as will, when not plainly violating the legislative intent, favor the admission rather than the exclusion of testimony.”
 

 Again, Judge Robinson in the course of his opinion in the case of
 
 Stream
 
 v.
 
 Barnard, Exrx.,
 
 120 Ohio St., 206, 211, 165 N. E., 727, 64 A. L. R., 1144, said:
 

 “The object of Section 11495 is to limit the right
 
 *175
 
 conferred by Section 11493 in its application to parties adverse to executors and persons suing or defending in a similar representative capacity. It is an exception to Section 11493, and, insofar as it is an exception to the general rule so enacted in Section 11493, it will be strictly construed; that is, it will not be construed to limit the right conferred by Section 11493 to any greater extent than is therein plainly expressed, and inferences will not be indulged.”
 

 More recently, Judge Turner, in his opinion in the case of
 
 Goehring
 
 v.
 
 Dillard, a Minor,
 
 145 Ohio St., 41, at page 49, 60 N. E. (2d), 704, 158 A. L. R., 299, cited and quoted with approval the above-quoted statements of Judges Dickman and Bobinson.
 

 Aid in the solution of the problem at hand will be given by an examination of the legal character and status of the trustee appointed in the instant case. It is well settled that, under Section 11495, General Code, and similar statutes, a party to a suit is incompetent to testify when the adverse party is a guardian of the. person or guardian or trustee of the estate of an insane person or an imbecile, except as to facts that transpired after the appointment of such guardian or trustee.
 
 McNicol
 
 v.
 
 Johnson, Gdn.,
 
 29 Ohio St., 85;
 
 Baker
 
 v.
 
 Jerome,
 
 50 Ohio St., 682, 689, 35 N. E., 1113;
 
 Ross
 
 v.
 
 Todd, Gdn.,
 
 4 C. C., 1, 2 C. D., 385;
 
 Nolan
 
 v.
 
 Harberer,
 
 3 Ohio App., 45.
 

 The Probate Court, by virtue of Section 10501-53, General Code, has exclusive jurisdiction, unless otherwise provided by law, to appoint and remove, on proper notice and hearing, guardians of insane persons and testamentary trustees who may also be trustees of insane persons. Furthermore, Section 10507-46
 
 &t seq.,
 
 General Code, provides that when a lunatic or imbecile who resides outside of the state has rights, credits or monies in this state, the Probate Court of the
 
 *176
 
 county in which such property is situated, if it considers it necessary, may appoint a resident guardian of such person to manage and take care of his property. Such fiduciary is required to give bond and is subject to the direction and orders of the court as to the management of and the accounting for his trust.
 

 Section 11249, General Code, provides that:
 

 “The
 
 defense
 
 of an insane person must be by his legally appointed guardian, except that if there is no guardian, or he has an adverse interest, by a trustee
 
 for the suit,
 
 appointed by the court. * * *” (Italics ours.)
 

 Such appointee has no statutory authority to institute an action for an insane person. It may even be seriously questioned whether the defendant, if an insane person, can prosecute her cross-action in this case either in person or through a trustee for the suit appointed by the trial court, because Section 11247, General Code, provides that “the action of an insane person must be brought by his guardian.” But this question has not been raised, is not now before the court, and is not decided.
 

 At any rate, it is clear that the “trustee” is appointed only “for the suit.” There is no provision that he shall give bond. Section 11250, General Code, places him in the same category as a “guardian
 
 ad litem”
 
 so far as the execution of his duties is concerned. It provides: “The court shall require a guardian
 
 ad litem,
 
 or a trustee appointed under the next preceding section, faithfully to discharge his duty, and upon his failure so to do, may remove him, and appoint another in his stead. The court may fix a compensation for his services, which shall be taxed in the costs against the minor or insane person.”
 

 It is clear that the trustee so appointed is not a fiduciary and not a real party to the suit, but that the
 
 *177
 
 insane person is the real party against whom a judgment for costs may he rendered. The trustee stands in the position of a mere guardian
 
 ad litem
 
 and is not an adverse party in the suit. .22 Ohio Jurisprudence, 89, Section 44. Similarly, it has been held that where an infant brings an action by next friend, the infant and not the next friejid is the real party in interest.
 
 Burkham
 
 v.
 
 Cooper,
 
 2 C. C., 77, 1 C. D., 371;
 
 Ransom, an Infant,
 
 v.
 
 Haberer & Co.,
 
 13 C. C. (N. S.), 511, 22 C. D., 592, affirmed without opinion, 85 Ohio St., 483, 98 'N. E., 1131.
 

 Finally, Section 11495, General Code, by its express terms, applies only when a guardian or trustee of an insane person is an
 
 adverse party
 
 in the litigation. Where a statute, making an adverse party incompetent to testify against the representative of a party under disability, names the representative entitled to its protection, a representative party not so named — in the instant case a trustee for the suit— cannot invoke the statute to disqualify the adverse party from testifying in his own behalf.
 
 Bomberger
 
 v.
 
 Turner, Admr.,
 
 13 Ohio St., 263, 269, 82 Am. Dec., 438; 28 R. C. L., 495, Section 82; L. R. A. 1916D, 815, note;
 
 Savage
 
 v.
 
 Modern Woodmen of America,
 
 84 Kan., 63, 113 P., 802, 33 L. R. A. (N. S.), 773.
 

 Since the trustee in the instant case was not an adverse party or the real party in interest, and was not named as within the provisions of Section 11495, General Code, that section has no application to deny the right of the plaintiff to testify. 70 Corpus Juris, 294, Section 387. To give the statute such construction and effect and thereby permit a litigant to invoke it by merely moving the court to appoint
 
 ex parte
 
 and without notice a trustee to defend his suit and thereby close the lips of the opposing litigant opens the door for possible collusion and fraud. The defendant has a complete remedy under the statute by the ap
 
 *178
 
 pointment of a guardian for her if that action is warranted by the facts as to her insanity.
 

 We hold that the statute does not make the plaintiff an incompetent witness.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Turner and Matthias, JJ., concur.
 

 Bell and Williams, JJ., dissent.