Taft, J.
We do not believe it is necessary to describe in detail the records called for by the subpoena. *146 It is sufficient to state that some represent writings which, in the absence of some privilege, either are or reasonably may be admissible in evidence at the trial of the wrongful-death action, and that the petitioner is not a party to that action. It follows that, in the absence of some privilege, petitioner, having refused to produce any of the records when ordered to do so, was in contempt and properly committed to custody. In re Martin, 141 Ohio St., 87, 47 N. E. (2d), 388; In re Frye, 155 Ohio St., 345, 98 N. E. (2d), 798.
The question to be determined is whether one, having custody and control of the records of a city police department made in the detection and prevention of crime, is generally privileged from disclosing those records upon the taking of a deposition in a civil suit.
We have been unable to find and have been referred to no authorities, other than the Common Pleas Court case of Solonic v. Republic Steel Corp., 5 Ohio Supp., 152, which would support such a broad privilege in a civil action in this state, where it has not been provided for by statutory or constitutional provision. On the other hand, the recent decision in Reynolds v. United States, 192 F. (2d), 987,* represents a holding against the existence of any such broad privilege. Petitioner refers to State v. Rhoads, 81 Ohio St., 397, 91 N. E., 186, 27 L. R. A. (N. S.), 558; State v. Yeoman, 112 Ohio St., 214, 147 N. E., 3; and United States v. Krulewitch, 145 F. (2d), 76, 78. These are decisions in criminal cases and are not helpful because made when such criminal cases were not governed by the provisions of those of our civil procedure statutes involved in the instant case. See State v. Yeoman, supra, 217; State v. Wing, 66 Ohio St., 407, 64 N. E., 514; and Benedict v. State, 44 Ohio St., 679, 11 N. E., 125. As *147 stated in 58 American Jurisprudence, 298, Section 533:
“Aside, however, from so-called state secrets and communications to public officials the disclosure of which may adversely affect public interests, the common law apparently does not recognize any privilege as to information in the hands of administrative officers. Privilege of a public officer against being held to disclose communications made to him in matters affecting individuals depends very largely, if not entirely, upon statutory enactment,”
This court has stated and decided that a privilege against testifying or producing evidence must rest upon some statutory or constitutional provision. In re Frye, supra. See Bomberger v. Turner, Admr., 13 Ohio St., 263, 269, 82 Am. Dec., 438; In re Raab’s Estate, 16 Ohio St., 273, 280; Roberts v. Briscoe, 44 Ohio St., 596, 600 et seq., 10 N. E., 61; Hubbell v. Hubbell, 22 Ohio St., 208, 221; Torrance v. Torrance, 147 Ohio St., 169, 173 et seq., 70 N. E. (2d), 365; Goehring v. Dillard, a Minor, 145 Ohio St., 41, 49, 50, 60 N. E. (2d), 704, 158 A. L. R., 299; Weis v. Weis, 147 Ohio St., 416, 428, 429, 72 N. E. (2d), 245, 169 A. L. R., 668.
However, this court has often held that reports and records, concerning an accident in which a party is involved, which reports and records, according to the custom of such party, are turned over to and remain in the possession of such party’s attorney, are privileged communications, and that no one can be required to produce them in an action relating to such accident and brought by or against such party. In re Hyde, 149 Ohio St., 407, 79 N. E. (2d), 224; In re Keough, 151 Ohio St., 307, 85 N. E. (2d), 550; In re Klemann, 132 Ohio St., 187, 5 N. E. (2d), 492, 108 A. L. R., 505; In re Shoup, 154 Ohio St., 221, 94 N. E. (2d), 625. See also In re Martin, supra. Of course, by reason of the provisions of subdivision 1 of Section 11494, General Code, an attorney, to whom such com *148 munications are made, cannot testify concerning them. However, there are no statutory provisions which provide against the production of such reports or records or testimony concerning them by the party, his nonattorney employees, or anyone else. It is apparent, therefore, that this court has extended the privilege against testifying or producing evidence to an instance beyond those supported by statutory or constitutional provisions. See In re Martin, supra, paragraph six of syllabus; In re Keough, supra, 315. It may be observed that this extension of a statutory privilege apparently originated in paragraph three of the syllabus in the controversial case of Ex Parte Schoepf, 74 Ohio St., 1, 77 N. E., 276, 6 L. R. A. (N. S.), 325.
The broad privilege claimed in the instant case would amount to a further extension of the privilege recognized in the foregoing cases. Here, the reports and records are not even those of a party to a civil action. Cf. Hickman, Admr., v. Taylor, 329 U. S., 495, 91 L. Ed., 451, 67 S. Ct., 385. They are reports and records of the city. Of course, such reports and records, if not otherwise privileged, do not become privileged merely because they may have been turned over to and now are in the possession of the attorneys for the city. In re Keough, supra, paragraph three of the syllabus.
In 8 Wigmore on Evidence (3 Ed.), 64 et seq., Section 2192, it is said in part:
“When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule * * *.
"* * *
“ * * * when the course of justice requires the in *149 vestigation of the truth, no man has any knowledge that is rightly private. All that society can fairly be expected to concede is that it will not exact this knowledge when necessity does not demand it, or when the benefit gained by exacting it would in general be less valuable than the disadvantage caused and the various privileges are merely attempts to define the situations in which, by experience, the exaction would be unnecessary or disadvantageous. The duty runs on throughout ail, and does not abate; it is merely sometimes not insisted upon.
“ * * * The pettiness and personality of the individual trial disappear when we reflect that our duty to bear testimony runs not to the parties in that present cause, but to the community at large and forever.
“It follows, on the one hand, that all privileges of exemption from this duty are exceptional, and are therefore to be discountenanced. There must be good reason, plainly shown, for their existence. * * * The investigation of truth and the enforcement of testimonial duty demand the restriction, not the expansion, of these privileges. They should be recognized only within the narrowest limits required by principle. Every step beyond these limits helps to provide, without any real necessity, an obstacle to the administration of justice.”
We believe the policy expressed by the General Assembly of this state with regard to witnesses and depositions indicates a general legislative intention in favor of rather than against requiring testimony and the production of evidence on depositions. See, for example, Sections 11493, 11502, 11510 and 11526, General Code. Ex Parte Bevan, 126 Ohio St., 126, 136, 137, 138, 184 N. E., 393; Roberts v. Briscoe, supra, 603; Goehring v. Dillard, supra; In re Raab’s Estate, supra; Torrance v. Torrance, supra.
Furthermore, by enumerating very specifically and *150 rather extensively instances in which testimony or evidence may not or shall not be required from a witness (see, for example, Sections 11494 and 11495, General Code), the General Assembly has by inference expressed an intention to exclude any other privileges from testifying or producing evidence. Bomberger v. Turner, supra.
This legislative declaration of policy should have weight in influencing this court to move with caution in considering whether to recognize such other privileges. See Weis v. Weis, supra, 428, 429. But see In re Renee, ante, 37; Ex Parte Jennings, 60 Ohio St., 319, 54 N. E., 262, 71 Am. St. Rep., 720 (as explained in In re Martin, supra, 95).
While there may be instances where the protection of the public or some other compelling reason will require recognition of other privileges against testimony or the production of evidence, there does not appear to be any need for such a ruling in the instant case.
Both parties concede that the city is immune from any suit on account of the death of the decedent. Furthermore, it is conceded that no criminal prosecutions are pending and there is no evidence tending to indicate that any are contemplated. It may be of interest to the public to protect the two policemen who have been sued on account of decedent’s death. However, such interest would hardly justify suppression of evidence in an action properly brought against them. In our opinion, no protection of the public or other compelling reason has been shown to justify a different rule with respect to this evidence in the possession of the city and its chief of police from that with respect to similar evidence in the possession of any other individual or corporation. See Reynolds v. United States, supra, 994.
A situation such as involved in the instant case may *151 involve great inconvenience to the witness whose deposition is being taken. On the other hand, we also realize that, to sustain petitioner’s position, might result in great inconvenience to the party taking the deposition. See Ex Parte Bevan, supra. We conclude that this court should usually rely on the General Assembly to provide for instances of privilege and only in extreme cases recognize such instances where they have not been provided for by statutory or constitutional provisions.

Judgment reversed.

Middleton, Hart, Zimmerman and Stewart, J J concur.
Weygandt, C. J., and Matthias, J., dissent.

On March 9, 1953 (United States v. Reynolds, — U. S., —, — L. Ed., —, 73 S. Ct., 528), this decision was reversed to the extent that it.held that the Secretary of the Air Force could not successfully claim a privilege against disclosing material, which his affidavit stated included military secrets whose disclosure would seriously hamper the security of the United States.