OPINION *Page 2 
{¶ 1} Defendant-Appellant, Allstate Insurance Co. appeals the November 29, 2006 judgment of the Stark County Court of Common Pleas denying Appellant's Motion to Vacate Default Judgment.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} This matter arises out of a personal injury action filed by Plaintiff-Appellee, Zachary A. Linquist against Kerstin Drossel in the Stark County Court of Common Pleas, Case No. 2005CV00649. Appellee moved for default judgment against Ms. Drossel after she failed to file an answer to Appellee's complaint. The trial court entered judgment in favor of Appellee.
 {¶ 3} At the time of the accident giving rise to our present case, Ms. Drossel was a named insured under an automobile insurance policy issued by Appellant. On January 4, 2006, Ms. Drossel filed a Motion to Vacate Default Judgment arguing Appellee failed to properly serve his complaint upon Ms. Drossel, a resident of Germany. Counsel for Appellant appeared at the motion hearing and participated in the subsequent case proceedings. On April 13, 2006, the trial court denied the Motion to Vacate Default Judgment. Ms. Drossel appealed the trial court's decision to this court. Linquist v. Drossel (Oct. 30, 2006), 5th
Dist. No. 2006CA00119. Appellant participated in the appeal by filing an Amicus Brief with this court. This court affirmed the trial court's decision to deny Ms. Drossel's Motion to Vacate Default Judgment.Id.
 {¶ 4} On May 26, 2006, Appellee filed a complaint against Appellant. The complaint and summons were served by certified mail upon the Appellee at its Hudson, Ohio, business office on June 5, 2006. On July 3, 2006, Co-Defendant Farmers *Page 3 
Insurance Company filed an answer. The Certificate of Service shows Farmers Insurance Company sent a copy of the answer to Appellant at its Hudson, Ohio business office on June 29, 2006.
 {¶ 5} Appellee filed his Motion for Default Judgment against Appellant on July 12, 2006. The trial court issued a judgment entry of assigned dates on July 14, 2006. The trial court docket shows the judgment entry was sent to Appellant at its Hudson, Ohio business office. The trial court granted Appellee's Motion for Default Judgment on July 14, 2006.
 {¶ 6} On August 15, 2006, Farmers Insurance Company notified Appellant the trial court granted default judgment against Appellant. Appellant filed a Motion to Vacate Default Judgment on October 23, 2006. The trial court denied Appellant's Motion to Vacate Default Judgment. It is this decision Appellant now appeals.
 {¶ 7} Appellant raises one Assignment of Error:
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED ALLSTATE INSURANCE COMPANY'S MOTION TO VACATE DEFAULT JUDGMENT."
 {¶ 9} Appellant argues the trial court abused its discretion when it denied Appellant's Motion to Vacate Default Judgment. We disagree.
 {¶ 10} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 11} Civil Rule 60(B) states in pertinent part: *Page 4 
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken. * * *."
 {¶ 13} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show, (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed. GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564; Argo Plastic Prod. Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 14} We first note Appellant's motion to vacate was timely filed.
 {¶ 15} Under the GTE decision, a party must allege that it has a meritorious defense. It is not required to prove that it will prevail on that defense. Rose Chevrolet v. Adams, (1988), 36 Ohio St.3d 17 at 20. In its judgment on Appellant's motion to *Page 5 
vacate, the trial court found the only defense propounded by Appellant was with regard to the appeal of the underlying judgment (Linquist v.Drossel [Oct. 30, 2006], 5th Dist. No. 2006CA00119). Appellant argued to the trial court that if this court were to reverse or modify the underlying judgment, then Appellee's claim against Appellant would be extinguished. Based on this court's affirmance of the judgment in the underlying case, the trial court denied Appellant's motion to vacate, finding that Appellant failed to demonstrate it had a meritorious claim or defense to present if relief was granted. We find the trial court's reliance upon our affirmance to deny the motion to vacate was not an abuse of discretion.
 {¶ 16} In its appeal to this Court, Appellant propounds a different meritorious defense. On October 30, 2006, this Court affirmed the trial court's decision to deny Drossel's motion to vacate, but found that because Drossel did not raise arguments regarding service of process and the Hague Convention at the trial court level, we could not consider those arguments on appeal. Linquist v. Drossel (Oct. 30, 2006), Case No. 2006CA00119, at ¶ 10-11. On January 18, 2007, Drossel filed a second motion to vacate default judgment in Case No. 2005CV00649 raising the issues regarding the Hague Convention. The trial court has not yet ruled on the motion. Appellant argues if the trial court grants the motion in that case, then Appellee's claims against Appellant would be extinguished.
 {¶ 17} Upon review, we find this is a new argument that cannot be raised upon appeal. "The fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210 *Page 6 
citing State v. Glaros (1960), 170 Ohio St. 471, 166 N.E.2d 379, paragraph one of the syllabus. We find Appellant (and its insured, Drossel) had the opportunity to raise this argument in the trial court before Appellant filed its appeal on December 29, 2006. As such, this court will not address this argument on appeal.
 {¶ 18} As stated above, if Appellant fails to establish any one of the three GTE requirements, the motion to vacate will be overruled. We will, however, address Appellant's remaining arguments.
 {¶ 19} Appellant next contends it is entitled to relief under Civ.R. 60(B)(1), 60(B)(3), and 60(B)(5). We will first address Appellant's argument under Civ.R. 60(B)(1). Appellant argues its failure to answer Appellee's complaint was due to excusable neglect. The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that, "* * * the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 20, citing GTE, supra, at 153. Furthermore, the Supreme Court has held that the term must be liberally construed, keeping in mind that Civ.R. 60(B) represents "`an attempt to strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'"Colley v. Bazell (1980), 64 Ohio St.2d 243, 248. In determining whether a party's actions amount to excusable neglect, courts must look to the facts and circumstances of each case. Id. at 249.
 {¶ 20} Relief from default judgment may be granted on the basis of excusable neglect when service is properly made on a corporation but a corporate employee fails to forward the complaint to the appropriate person. Hopkins v. Quality Chevrolet, Inc. *Page 7 
(1992), 72 Ohio App.3d 578, 607 N.E.2d 914. However, it has been further held that the corporation must provide sworn affidavits or evidence to support the claim that excusable neglect was the basis for the failure to answer. Id. at 583. An affidavit to support proof of excusable neglect is sufficient if it establishes the following: (1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed until such time as a default judgment had already been entered against the corporate defendant. Id.; Woodside Pet Cemetery, Inc. v.W.G. Lockhart Const. Co. (Oct. 26, 1998), 5th Dist. No. 1997CA00402.
 {¶ 21} In the case sub judice, Appellant states in its brief that it has a policy for handling all legal matters received by employees at one of its branch offices. Appellant submitted two sworn affidavits with its motion to vacate. Neither affidavit, however, establishes there is set procedure to be followed at the branch offices for dealing with legal process. We find Appellant has failed to provide sufficient evidence that it has a procedure in place at its branch offices to deal with legal process.
 {¶ 22} Further, considering the facts and circumstances in connection with this motion to vacate, we find Appellant's failure to answer is inexcusable neglect. Appellant was served with the summons and complaint on June 5, 2006. Co-Defendant Farmers Insurance Company provided Appellant with a copy of its answer to Appellee's complaint on June 29, 2006. The trial court issued its pre-trial order to Appellant on July 14, 2006. Farmers Insurance Company notified Appellant on August 15, 2006 that the trial court entered default judgment against it. It was not until October 23, 2006 that Appellant filed its motion to vacate. *Page 8 
 {¶ 23} Appellant next argues it is entitled to relief pursuant to Civ.R. 60(B)(3). It claims that the actions of Appellee's counsel in relation to the filing and service of the complaint and motion for default judgment evidence fraud, misrepresentation, or misconduct by Appellee's counsel. We disagree.
 {¶ 24} While counsel for Appellee had notice of representation prior to filing the motion for default judgment, professional courtesy does not require Appellant's counsel to be notified that a default judgment was forthcoming. Kebler v. Prudential Property Cas. Ins. Co., 5th Dist. No. CT2002-0036, 2003-Ohio-2145, at ¶ 36. And Appellant's counsel was not required to send a copy of the motion for default judgment. "Where a party has not made an appearance in an action he is not entitled to notice of the default proceedings." Melroy v.American Homes, Inc. (Nov. 24, 1995), 5th Dist. No. 95CA31 citing Jenkins v. Clark (1982), 7 Ohio App.3d 93, 95, citingSexton v. Sugar Creek Packing Co. (1974), 37 Ohio St.2d 58. This holding is supported by the Civil Rules. Civ.R. 5(A) and 55(A) state respectively:
 {¶ 25} "* * * Service is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ.R. 4 through Civ.R. 4.6."
 {¶ 26} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of *Page 9 
the application for judgment at least seven days prior to the hearing on such application. * * *"
 {¶ 27} In its final argument for relief, Appellant states that default judgment should be vacated based upon Civ.R. 60(B)(5). We find Appellant's arguments to be similar to its arguments under Civ.R. 60(B)(3). We find our reasoning stated above to be applicable to this argument.
 {¶ 28} Upon application of the GTE analysis, we find the trial court did not abuse its discretion in denying Appellant's motion to vacate the default judgment. Appellant's Assignment of Error is denied.
 {¶ 29} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Delaney, J., Farmer, P.J. and Wise, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1