MOSER, Appellant,

v.

MOSER, Appellee.

[Cite as *Moser v. Moser* (1991), 72 Ohio App.3d 575.]

Court of Appeals of Ohio,
Allen County.

No. 1–89–40.

Decided Feb. 20, 1991.

*Deborah Drexler,* for appellant.
*William C. Vandemark,* for appellee.

EVANS, Judge.

Plaintiff-appellant, Donald G. Moser, appeals from a judgment of the Court of Common Pleas of Allen County dismissing his complaint for divorce.

Appellant, Donald G. Moser, and appellee, Glenna F. Moser, were married on December 30, 1964. One child, Sunday Camille Moser, was born issue to the marriage on August 22, 1971.

On July 25, 1988, appellant filed a complaint for divorce on the grounds of gross neglect of duty and extreme cruelty. On September 23, 1988, appellee filed her answer which included a counterclaim for alimony only. The matter proceeded to a hearing on January 18, 1989. Therein, the factual basis offered by appellant in support of the grounds alleged was essentially that: (a) appellee prepared only one meal per day; (b) the parties argued constantly; (c) appellee would not attend family functions with him; (d) they had no friends; (e) appellee was excessively jealous; (f) appellee made him feel uncomfortable in his own home; (g) appellee degraded him in front of his daughter, and (h) appellee refused to engage in sexual relations with him for over one year.

On January 30, 1989, the referee's report and recommendations were filed, finding essentially that appellant had failed to prove the grounds alleged and recommending the complaint be dismissed. Appellant filed objections to the referee's report on February 13, 1989. On March 2, 1989, the trial court referred the matter back to the referee for the preparation of a supplemental report addressing appellee's counterclaim for alimony only. Accordingly, a

supplemental referee's report was filed on March 15, 1989. Therein, the referee repeated his original finding that the only factual basis offered by appellant and corroborated by other testimony was his claim that appellee had refused to engage in any sexual relations with him for over a year and that this alone did not constitute extreme cruelty or gross neglect of duty. The referee further found that appellee had failed to establish her counterclaim for alimony only. By judgment of May 9, 1989, the trial court adopted the findings of the referee and dismissed both appellant's complaint for divorce and appellee's counterclaim for alimony only.

It is from this judgment that appellant appeals submitting three assignments of error, which provide as follows:

"1. The trial court erred in failing to award appellant a divorce based on his grounds of gross neglect of duty and extreme cruelty.

"2. The trial court erred in refusing to allow the parties' daughter to testify as a corroborating witness.

"3. The trial court erred in finding that the corroborating witness failed to corroborate grounds or that the defendant corroborated grounds."

Appellant's first assignment of error contends that the trial court erred in finding that he had failed to establish the grounds for divorce alleged in his complaint.

Civ.R. 75(L) provides that:

"Judgment for divorce, annulment, or legal separation shall not be granted upon the testimony or admission of a party not supported by other credible evidence. No admission shall be received that the court has reason to believe was obtained by fraud, connivance, coercion, or other improper means. The parties, notwithstanding their marital relation, shall be competent to testify in the proceeding to the same extent as other witnesses."

The record reveals that the only factual allegation offered by appellant which was corroborated as required by Civ.R. 75(L) was that appellee had refused to engage in sexual relations with him for over one year. Appellant argues that this alone constituted extreme cruelty and/or gross neglect of duty and that the trial court erred in finding otherwise.

As stated in 47 Ohio Jurisprudence 3d (1983) 502–503, Family Law, Section 944:

"Marital sexual relations have been regarded by the courts as one of the most delicate matters with which they must deal, making questions of what constitutes cruelty in connection with marital rights a difficult problem for solution."

Ohio authority is scant on the issue of whether the denial of sexual relations constitutes *per se* extreme cruelty or gross neglect of duty. In *McKinney v. McKinney* (1900), 7 Ohio N.P. 259, the Hamilton County Court of Common Pleas found that:

"The refusal to have sexual intercourse is not gross neglect of duty on the part of one of the parties to the marital relation."

Other jurisdictions which have considered the issue have arrived at varying conclusions. Numerous states have acceded to the view that the refusal to engage in sexual relations does not alone constitute grounds for divorce. See Annotation (1978), 82 A.L.R.3d 660. Among those jurisdictions which have recognized the refusal of sexual relations as grounds for divorce, essentially three prerequisites are imposed. *Id.* First, the denial must continue or be likely to continue for a substantial period of time; second, the refusal must be unjustifiable; and third, the mere cessation of sexual relations is insufficient, as there must rather be an actual demand and a refusal. *Id.*

In application to the case *sub judice*, appellee's refusal to engage in sexual relations arose from an incident which occurred on Friday, January 22, 1988. Appellant's work shift was scheduled to begin at 11:00 p.m.; thus, he was normally home throughout the evenings. However, he had been away from home the preceding two Friday nights. That afternoon he told appellee that he was going to work that night. Appellee went to work in the afternoon and called home throughout the evening to find that appellant was not there. Appellee got home from work around 1:15 a.m. and called appellant's foreman, who told her that appellant was not at work. Appellant came home at roughly 8:00 a.m. the next morning and when confronted by appellee claimed that he was at work all night. Appellee demanded to see his pay stub to see if he was in fact at work all night; however, he refused. It was at this time that appellee refused to engage in any further sexual relations with appellant until he produced his pay stub. Appellee further testified that on July 12, 1988, she found appellant fondling a female co-worker in the parking lot of his place of employment.

We conclude that given these facts appellee's denial of sexual relations was justified, particularly in light of the various sexually transmitted diseases found in our society today. Furthermore, we note that appellee's refusal was not absolute, but rather was conditional upon appellant showing appellee his pay stub. This condition was in appellant's control, yet he chose not to comply.

There is no authority in Ohio law for the proposition that the denial of sexual relations constitutes, by itself, grounds for divorce. Further, we do not intend to establish such authority either expressly or implicitly herein.

The issue does not arise under these facts where, even if accepted, the doctrine would not be applicable. Accordingly, appellant's first assignment of error is not well taken and is overruled.

Appellant's second assignment of error contends that the trial court erred in not allowing the parties' seventeen-and-one-half-year-old daughter, Sunday Camille Moser, to testify as a corroborating witness. In so finding, the referee concluded, in pertinent part, as follows:

"And the Court refuses to allow her to testify because the Court feels that it puts an undo [*sic*] burden on the child. And is going to create a rift with the mother and the father, that uh, probably will never be healed."

Appellant argues that Miss Moser was competent to testify and as such the exclusion of her testimony was improper.

As undesirable as the practice may be, courts have traditionally permitted children of the parties to a divorce to testify in the hearing thereon. As stated by the court in *Glimcher v. Glimcher* (1971), 29 Ohio App.2d 55, 58 O.O.2d 37, 278 N.E.2d 37:

"We do not condone the practice of a parent causing minor children to testify against the other parent in a divorce action." *Id.* at 65, 58 O.O.2d at 42–43, 278 N.E.2d at 44.

Nonetheless, where a child is competent to testify under the general rules of evidence relating to the testimony of children as witnesses, the child is competent to testify in a divorce action. See, generally, 24 American Jurisprudence 2d (1983) 456, Divorce and Separation, Section 407. While we agree with the rationale of the referee and the court in *Glimcher*, it remains, nonetheless, that, as stated in 48 Ohio Jurisprudence 3d (1983) 282, Family Law, Section 1133:

" * * * [P]ublic policy and private views of propriety do not justify a refusal to listen to competent testimony of young children where there is a need for such testimony."

In application to the case *sub judice* we particularly take note of the fact that the child from whom appellant sought to elicit testimony was seventeen and one-half years old rather than a child of tender years. Accordingly, we conclude that the trial court did commit error in refusing to permit the parties' minor child to testify as a corroborating witness.

However, in order for a reviewing court to reverse an evidentiary ruling of the trial court, an appellant must affirmatively demonstrate through the record on appeal not only that error was committed, in the technical sense, but also that such error was prejudicial to appellant, except in rare circumstances

where the error is so substantial that prejudice will be presumed. See 5 Ohio Jurisprudence 3d (1978) 115, Appellate Review, Section 555.

Where a trial court excludes evidence sought to be presented in a party's case-in-chief, that party is required to make an offer of proof. Evid.R. 103(A)(2) provides as follows:

"(A) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and:

"(1) * * *

"(2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination."

Generally, an offer of proof consists of two elements. First, the offering party must inform the trial court as to the legal theory upon which admissibility is proposed. Second, an offering party must show what a witness was expected to testify to and what that evidence would have proven or tended to have proven. See 4 Ohio Jurisprudence 3d (1978) 355, Appellate Review, Section 172. While the proffer of the expected testimony need not be as specific as the testimony itself would have been it must nonetheless be sufficient to enable the reviewing court to determine roughly what, if any, impact the testimony may have had upon the final disposition of the case.

In application to the case *sub judice,* counsel for appellant offered the following as her proffer of the excluded testimony:

"O.K. O.K., just for purposes of proffering into the record. Uh, I wish to call the uh, the daughter of the parties. Sunday Moser. Sunday's age [is] 17 [and a] half, and I wish her to testify as to grounds, and the Court has refused that."

We find this proffer, while technically present, to be insufficient to place us on notice of roughly what Miss Moser's testimony would have been. Accordingly, we are unable to make a determination as to whether the trial court's error was prejudicial to appellant.

We are mindful of the case of *Totten v. Estate of Miller* (1941), 139 Ohio St. 29, 21 O.O. 545, 37 N.E.2d 961, paragraph two of the syllabus, cited by the dissent as follows:

"When a witness is precluded from testifying on the ground of his alleged incompetency as a witness and not on the ground that his proposed testimony is incompetent, his exclusion, if erroneous, will be presumed to be prejudicial, and it is not necessary to proffer his proposed testimony in order to challenge or review the action of the court as to his exclusion." (Citations omitted.)

However, we conclude that Miss Moser's testimony was not excluded on the basis of her incompetency, but, rather, as expressly stated by the referee, " * * * the Court refuses to allow her to testify because the Court feels that it puts an undo [*sic*] burden on the child. And is going to create a rift with the mother and the father, that uh, probably never will be healed." We find this explanation to indicate that the referee excluded Miss Moser's testimony on the basis of a public policy which, while admirable, is nonetheless contrary to the law of Ohio.

The referee did not find Miss Moser to be incompetent to testify. This is supported by the dissent's rationale that none of the exceptions to the presumption of competency to testify found in Evid.R. 601 is applicable. Therefore, insofar as the trial court excluded Miss Moser's testimony for reasons other than a finding that she was incompetent to testify, the court's holding in *Totten, supra,* does not serve to excuse appellant from proffering Miss Moser's proposed testimony and thereby demonstrating what, if any, prejudice resulted from the exclusion of her testimony.

Appellant's second assignment of error is not well taken and is overruled.

Appellant's third and final assignment of error has essentially two parts. First, appellant contends that the trial court erred in finding that appellee did not corroborate appellant's allegation that she had refused to engage in sexual relations with him for over one year. Second, appellant argues that the trial court erred in finding that witness, Melvin Moser, did not corroborate his testimony sufficiently to meet the requirements of Civ.R. 75(L).

As to the first branch of appellant's third assignment of error, the referee concluded that appellee did in fact corroborate his allegation that she had refused to engage in sexual relations with him for over one year as is expressly permitted by Civ.R. 75(L) but as we determined earlier under the facts of this case this was not sufficient to grant a divorce.

As to the second branch of appellant's third assignment of error, we disagree. Melvin Moser testified only to the general credibility of appellant and that in his opinion appellant had been under stress during the past few years of the marriage. This testimony was insufficient to corroborate the testimony of appellant as to the remainder of the factual allegations offered by him in support of his grounds for divorce.

Accordingly, appellant's third and final assignment of error is not well taken and is overruled.

Having found no error prejudicial to appellant in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GUERNSEY, J., concurs.

SHAW, J., dissents.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, sitting by assignment.

SHAW, Judge, dissenting.

I respectfully dissent from the majority opinion and would reverse the judgment of the trial court.

In the first assignment of error, the majority implicitly adopts a three-pronged test for determining when a refusal of sexual relations constitutes grounds for divorce. Under the second prong of that test, the majority finds that appellee's denial of sexual relations was justified by appellant's refusal to produce his pay stub and, on this basis, concludes that appellant failed to establish grounds for divorce.

However, even assuming that appellee's suspicions about appellant's lack of fidelity initially justified her denial of access, I believe that the inability to resolve the issue of appellant's suspected infidelity, coupled with appellee's *continued* denial of the right to marital intercourse, for over one year, contributed to undermining the basic structure of the marriage relationship. Thus, coupled with the additional evidence adduced by appellant as to the deteriorating relationship, I would hold that appellant established prima facie grounds for his complaint.

Furthermore, I must dissent from the majority's conclusion reached under the second assignment of error, that appellant failed to make a sufficient proffer of the testimony of his daughter as to allow this court to determine whether the trial court's error in excluding the testimony was prejudicial.

Specifically, I do not agree with the majority's conclusion that, under the facts before us, the proffer of evidence required by Evid.R. 103(A) was necessary to preserve the trial court's error in excluding Sunday Moser as a witness in this case. The Supreme Court of Ohio in *Totten v. Estate of Miller* (1941), 139 Ohio St. 29, 21 O.O. 545, 37 N.E.2d 961, paragraph two of the syllabus, held as follows:

"When a witness is precluded from testifying on the ground of his alleged incompetency as a witness and not on the ground that his proposed testimony is incompetent, his exclusion, if erroneous, will be presumed to be prejudicial, and it is not necessary to proffer his proposed testimony in order to challenge or review the action of the court as to his exclusion." See, also, *Vincenzo v. Newhart* (1966), 7 Ohio App.2d 97, 36 O.O.2d 213, 219 N.E.2d 212 affirmed (1967), 11 Ohio St.2d 63, 40 O.O.2d 67, 227 N.E.2d 627; *Torrance v. Torrance*

(1946), 147 Ohio St. 169, 34 O.O. 57, 70 N.E.2d 365; *Loney v. Walkey* (1921), 102 Ohio St. 18, 130 N.E. 158, and *Wolf v. Powner* (1876), 30 Ohio St. 472.

I believe that the majority's stated rationale for disregarding the syllabus of *Totten, supra,* as being inapplicable, because Sunday Moser was excluded as a matter of public policy, and not because of her incompetence as a witness, is a distinction without a difference. Black's Law Dictionary (6 Ed.1990) 284, defines a "competent witness" as "one who is legally qualified to be heard to testify in a cause. * * *"

In the first instance, the fact that the enunciated public policy is not among the enumerated exceptions to the presumption of competency included in Evid.R. 601 does not, as suggested by the majority, preclude the conclusion that Miss Moser was excluded because of her alleged incompetency. Nevertheless, in the case before us, the majority concludes the trial court found that as a matter of public policy, children are not qualified to testify in the divorce proceedings of their parents because it puts an "undo [*sic*] burden on the child." However, the fact remains that the trial court refused to allow Sunday Moser to testify, not because of the testimony that would be elicited, but instead because of her relationship to the parties. Furthermore, as was recognized by the majority, the trial court's exclusion of Miss Moser as a witness was clearly contrary to the law of Ohio. Under these circumstances, I do not believe that a proffer was a prerequisite to our consideration of whether the error in excluding the witness was prejudicial to appellant.

Finally, I must also disagree with the majority's finding that the proffer made by appellant was insufficient to put this court on notice of what Sunday Moser's testimony would have been. Appellant attempted to call his daughter as a witness in his case-in-chief. Appellant's counsel, in making her proffer of Miss Moser's testimony, stated that "I wish her to testify as to grounds * * *." I believe that, inasmuch as Miss Moser was called as a corroborating witness, the substance of what her testimony would have been was apparent from the context of her father's testimony. Thus, the proffer was sufficient under Evid.R. 103(A)(2). The prejudice resulting to appellant in the trial court's refusal to allow Miss Moser to testify is highlighted by the fact that the other evidence presented at trial was found to be insufficient to corroborate the grounds of appellant's complaint.

Accordingly, I would reverse the judgment of the trial court and remand the cause for a new trial.