OPINION
{¶ 1} Respondent-appellant, Timothy W. Brandt ("Timothy"), appeals the June 27, 2005 judgment of the Common Pleas Court of Auglaize County, Ohio granting petitioner-appellee, Jennifer Brandt ("Jennifer"), a Domestic Violence Civil Protection Order against Timothy pursuant to R.C. 3113.31(A).
 {¶ 2} On June 2, 2005, Jennifer filed a petition in the Common Pleas Court of Auglaize County, Ohio requesting a Domestic Violence Civil Protection Order against Timothy. In her petition, she alleged that Timothy yelled at her on June 1, 2005 at her son's ball game. She claims that he said she "had better drop [her] contempt charges against him or [she] will get what's coming to [her]" and "[she] was walking into a hornet's nest." The petition also states that "[H]is yelling at me was scary and scared my daughter [Allison] as well" and "Allison started yelling at him to stop and don't hurt her mom." During this altercation, only three people were present: Timothy, Jennifer, and their nine year old daughter, Allison.[1] On June 2, 2005, an ex parte hearing was held and an ex parte Civil Protection Order was granted based upon her petition and testimony.
 {¶ 3} On June 13, 2005, Timothy was served by the Auglaize County Sheriff's Department with the Ex Parte Domestic Violence Civil Protection Order. On June 15, 2005, Timothy filed a Subpoena Duces Tecum for Jennifer to bring the parties' minor child, Allison, to testify at the June 27, 2005 final hearing as to her rendition of the events that took place on June 1, 2005.
 {¶ 4} On June 27, 2005, the final hearing was held. Jennifer proceeded with her testimony and prior to her resting her case, she acknowledged that her daughter, Allison was present under subpoena and that she would like to call Allison as a witness in the event that Timothy was going to call her. At that time the trial court inquired whether Timothy had the child under subpoena. Timothy's counsel indicated that he did have the child under subpoena and began to offer proof as to the necessity for the children's testimony. He stated "I subpoened her because there is reference as to what she said to Mr. Brandt at the most recent incident that's being alleged. I thought it might be, —." Trans. p. 21. However, the trial court interrupted counsel and stated "I'm not gonna allow either one of you to bring a child into the middle of this so, — * * * your subpoena will be QUASHED. Your request will be DENIED. This is not in the best interest of a child of this age." Trans. p. 20-21. At this point, Jennifer offered her exhibits to the court and rested her case. Timothy then proceeded with his case without calling anyone else to testify, offered his exhibits to the court and rested his case.
 {¶ 5} The trial court then denied Timothy's request that the trial court at least interview Allison in chambers on the relevant issues regarding the Civil Protection Order stating that "an in camera interview for any child before the Court is for the purpose of the Court to determine which parent the child may want to live with, and not to elicit from the child factual determinations that the Court may then consider." Trans. p. 31-32. Jennifer then proceeded with closing arguments requesting that the Domestic Violence Civil Protection Order be granted and Timothy waived closing arguments.
 {¶ 6} In conclusion, the trial court granted Jennifer a Domestic Violence Civil Protection Order for five years requiring Timothy to remain a minimum of five hundred feet from Jennifer.
 {¶ 7} On July 8, 2005, Timothy filed a notice of appeal alleging the following assignments of error:
THE TRIAL COURT ERRED IN ITS DECISION TO THE MATERIALPREJUDICE OF APPELLANT WHEN QUASHING APPELLANT'S SUBPOENA DUCESTECUM FOR THE PARTIES' CHILD TO TESTIFY AT THE C.P.O. HEARING ANDHOLDING THAT IT WOULD NOT ALLOW EITHER PARTY TO PRESENT TESTIMONYOF THEIR CHILDREN BASED UPON A BEST INTEREST STANDARD AND THAT ITWOULD NOT CONDUCT AN IN CAMERA INTERVIEW WITH EITHER OF THE MINORCHILDREN.
 THE TRIAL COURT ERRED IN GRANTING APPELLEE A DOMESTIC VIOLENCECIVIL PROTECTION ORDER UPON A FINDING THAT APPELLEE IS IN DANGEROF OR HAS BEEN A VICTIM OF DOMESTIC VIOLENCE AS DEFINED IN O.R.C.§ 3113.31(A) COMMITTED BY APPELLANT AS APPELLEE FAILED TO PROVEBY A PREPONDERANCE OF THE EVIDENCE THE DEFINITION OF DOMESTICVIOLENCE UNDER O.R.C. § 3113.31(A) AND, THUS, SUCH A FINDING ISAN ABUSE OF THE TRIAL COURT DISCRETION AND AGAINST THE MANIFESTWEIGHT OF THE EVIDENCE.
 {¶ 8} We note at the outset that Timothy's first assignment of error mentions "children"; however, the record and transcript of the CPO Final Hearing reflect that only one child was subpoenaed as a possible witness prior to the filing of the appellate briefs. Therefore, despite Timothy's references to "children" our analysis of the assignments of error concern only Allison. In Timothy's first assignment of error, he contends that the trial court erred in not allowing the parties' children to testify at the civil protection order hearing. Timothy argues that the trial court's ruling materially prejudiced him by preventing him from presenting the testimony of the parties' minor children and by not conducting an in camera interview with either of the parties' minor children.
 {¶ 9} Evid. R. 601(A) states that every person is competent to be a witness except children who are under the age of ten and "appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." "The trial judge has the duty to conduct preliminary determinations as to the competency of all witnesses." State v.Walsh (1997), 3rd Dist. No. 14-97-20, citing State v. Clark
(1994) 71 Ohio St.3d 466, 469, 644 N.E.2d 331. It is the duty of the trial judge to conduct a voir dire examination of a child less than ten years of age to determine the child's competency to testify. State v. Frazier (1991), 61 Ohio St.3d 247, 250-51,574 N.E.2d 483. The competency determination is within the sound discretion of the trial judge who has the opportunity to "observe the child's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully." Id. In determining whether a child under the age of ten is competent to testify, the trial court must consider (1) the child's ability to percieve accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recall those impressions or observations, (3) the child's ability to convey what was observed, (4) the child's knowledge of truth and falsity, and (5) the child's appreciation of responsibility to be truthful. Id. at 251.
 {¶ 10} In this case, the trial court had a duty to conduct a preliminary determination as to the competency of Allison. However, the trial court did not conduct a voir dire examination of Allison to determine whether she was competent to testify. Rather, the trial court just stated "I'm not gonna allow either one of you to bring a child into the middle of this so, — * * * This is not in the best interest of a child of this age."
 {¶ 11} In sum, the trial court in this case relied on a public policy determination to exclude the testimony of a minor child. However, "[W]here the need for calling the child to testify is imperative, public policy and private views of propriety do not justify a refusal to listen to competent testimony of young children." 46 Ohio Jurisprudence 3d (1994) 670, Family Law — Trial and Hearing — Witnesses — Children of the Parties.
 {¶ 12} We are sympathetic to the public policy enunciated by the trial court. However, where the child is the only eyewitness to the central incident of the hearing besides the parties themselves, it seems to us that the need for calling the child to testify is sufficiently imperative to either request a competency hearing or permit the testimony. Therefore, the trial court should have considered whether Allison was competent to testify as to the events that occurred on June 1, 2005.
 {¶ 13} In Moser v. Moser (1991), 72 Ohio App.3d 575,595 N.E.2d 518, this Court concluded that the trial court had erred by not allowing the parties' 17½ year old daughter to testify as a corroborating witness. Specifically, we held that [the referee at] the trial court erred by concluding:
[t]he Court refuses to allow her to testify because the Court feels that it puts an undo (sic) burden on the child. And is going to create a rift with the mother and the father, that uh, probably will never be healed.
Moser, 72 Ohio App.3d at 579. Although we acknowledge the discrepancy in the ages of the children, we find that the underlying law in the Moser case is applicable to the case at hand. In Moser, this Court stated that "[a]s undesirable as the practice may be, courts have traditionally permitted children of the parties to a divorce to testify in the hearing thereon." Id. In addition, in the Moser decision, this Court cited Glimcherv. Glimcher (1971), 29 Ohio App.2d 55, stating: "We do not condone the practice of a parent causing minor children to testify against the other parent in a divorce action." However, this Court went on to state that if a child is competent to testify under the general rules of evidence as a witness, the child is competent to testify in a divorce action and that public policy and private views of propriety do not justify a refusal to listen to a competent child's testimony. Moser,72 Ohio App.3d at 579. Thus, this Court held that the trial court erred by refusing to permit the parties' minor child to testify. Id.
 {¶ 14} However, notwithstanding our determination of error, the assignment of error was overruled in Moser because this Court found that the proffer that was made was insufficient to place this Court on notice as to what the child's testimony would have been. Moser, 72 Ohio App.3d at 580. Simply put, inMoser, this Court held that a party is required to make an offer of proof when a trial court excludes the evidence which is sought to be presented in a party's case in chief. Evid.R. 103(A)(2). However, this case differs from Moser because the trial court did not permit the party to make an offer of proof;[2] as opposed to the parties neglecting to make such an offer.
 {¶ 15} In sum, because the trial court failed to conduct the predicate competency examination in this case and did not permit the parties to make any proffer of the proposed testimony, the trial court did not have before it an adequate record to make the requisite decisions as to either the imperative nature of the child's testimony or the competency of the witness. For these reasons, the first assignment of error is sustained. To this extent only, the second assignment of error is also sustained.
 {¶ 16} In conclusion, the June 27, 2005 judgment of the Common Pleas Court of Auglaize County, Ohio granting Jennifer a Domestic Violence Civil Protection Order against Timothy is reversed and the matter is remanded for further proceedings consistent with this opinion.
Judgment reversed.
 Cupp and Rogers, JJ., concur.
[1] At the time of the alteration, the petition, and the hearing, Allison was nine years old. She was born on July 27, 1995. Thus, she was within one month of turning ten years old at the time of the hearing.
[2] "An offer of proof consists of two elements. First, the offering party must inform the trial court as to the legal theory upon which admissibility is proposed. Second, an offering party must show what a witness was expected to testify to and what that evidence would have proven or tended to have proven." Moser v.Moser (1991), 72 Ohio App.3d 575, 580, 595 N.E.2d 518, see also, 4 Ohio Jurisprudence 3d (1999) 150, Appellate Review — Exclusion of evidence; necessity of proffer.