[Cite as *Cooperider v. OK Cafe & Catering, Inc.*, 2009-Ohio-6715.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### MARION COUNTY

**TRACEY A. COOPERIDER,**                                  CASE NO.  9-09-28

    **PLAINTIFF-APPELLEE,**

  **v.**

**OK CAFE & CATERING, INC.**                              **O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Marion County Common Pleas Court**
**Trial Court No. 08CV0862**

**Judgment Affirmed**

**Date of Decision:  December 21, 2009**

**APPEARANCES:**

    *Scott E. Williams* **for Appellant**

    *Jeffrey J. Ratliff* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, OK Café & Catering, Inc. (hereinafter "OK Café), appeals the Marion County Court of Common Pleas' judgment, which denied its motion to set aside the default judgment awarded to plaintiff-appellee, Tracey A. Cooperider (hereinafter "Cooperider"). For the reasons that follow, we affirm.

{¶2} On October 14, 2008, Cooperider filed a complaint in the Marion County Common Pleas Court against OK Café alleging that he had suffered damages from a fall that had occurred on OK Café's premises. The complaint and summons were delivered to OK Café via certified mail. An employee of OK Café signed the certified mail receipt; however, OK Café failed to file an answer, and on December 4, 2008, Cooperider filed a motion for default judgment on the issue of liability, which was granted on December 8, 2008. After receiving notice of the date of the damages hearing, on March 6, 2009, OK Café filed its motion to set aside the default judgment. Attached to its motion were affidavits from Karen Gillespie (hereinafter "Karen"), an owner of OK Café, and Ryan Gillespie (hereinafter "Ryan"), an employee and the daughter of OK Café's owner, Karen. In her affidavit, Ryan acknowledged that the signature on the receipt was her signature. (Ryan Aff. ¶2). And while she stated that, per Karen's instructions, it was her routine to place mail she received in Karen's mailbox or in her office,

Ryan could not remember receiving this particular letter nor did she know why Karen never received the letter. (Id. at ¶¶2-3). In addition, Karen testified in her affidavit that the business had a procedure in place for mail received by an employee: the employee was to place the mail in Karen's personal mailbox or on her desk in her office. (Karen Aff. ¶3). However, in this particular instance, Karen said that Ryan never told her about the certified letter, and she has no knowledge of what happened to the letter after Ryan signed for it. (Id. at ¶2, 4). Furthermore, Karen stated that the letter and its contents had still not been found, even though she conducted a search for it. (Id. at ¶4). She could only assume that it was accidentally thrown away or misfiled. (Id.).

{¶3} After a review of the evidence, on March 31, 2009, the trial court overruled OK Café's motion to set aside the default judgment finding that OK Café had failed to demonstrate excusable neglect. The trial court specifically stated:

> **Upon consideration of all of the above, this Court finds the fact situation in this case to most closely track the fact situation of <u>LaKing Trucking vs. Coastal Tank Lines, Inc.</u> Neither the affidavit of Ryan Gillespie nor Karen Gillespie, explain precisely what happened to the summons documents after the documents were signed for by Ryan Gillespie. Ryan Gillespie does not state that she lost the documents. The best that can surmised, according to the affidavits, is that the certified mail letter and documents were accidentally thrown away or misfiled.**
>
> **As the Plaintiff points out in his Memorandum Contra, there is no allegation that any employees of the Defendant failed to**

> **follow the established procedure for handling certified mail letters.**
>
> **After reviewing all the materials supplied by the Defendant in support of its Motion to Vacate, all the Court is left with is an unexplained disappearance of the summons after its receipt by the Defendant. As the Third District Court of Appeals has held that the unexplained disappearance of a summons after its receipt by the defendant cannot per se be held excusable neglect, the Court finds that the Defendant in this action has also failed to demonstrate excusable neglect.**

(Mar. 31, 2009 JE at 4). Therefore, the trial court ordered that the case proceed to a damages hearing. OK Café was present and represented at the damages hearing held on June 29, 2009, after which time, on July 7, 2009, the trial court awarded Cooperider one hundred and thirty thousand dollars ($130,000) in damages.

{¶4} OK Café now appeals and raises one assignment of error.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT PURSUANT TO CIV.R. 60(B)(1) FINDING THAT THE APPELLANT FAILED TO DEMONSTRATE EXCUSABLE NEGLECT WHEN APPELLANT'S MOTION AND ACCOMPANYING AFFIDAVITS CLEARLY SHOWED THAT IT WAS ENTITLED TO RELIEF UNDER LIBERAL CONSTRUCTION OF THE CIVIL RULE AND APPLICABLE CASE LAW. (Trial Court's *Ruling on Motion of Defendant to Set Aside Default Judgment*, p. 4).**

{¶5} In its assignment of error, OK Café argues that the trial court abused its discretion in denying its motion to set aside the default judgment entered in favor of Cooperider when there was evidence of excusable neglect pursuant to

Civ.R. 60(B)(1) as to why OK Café had failed to file an answer to the complaint. Cooperider responds by arguing that the trial court did not abuse its discretion because OK Café had failed to prove that it was entitled to set aside the default judgment entered against it.

{¶6} The Supreme Court of Ohio has determined that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶7} Civ. R. 60(B) specifically sets forth the grounds for relief from judgment and provides as follows:

> **On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment**

**should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.**

In order to prevail on a motion brought pursuant to Civ.R. 60(B), "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. All three elements must be established, and the test is not met if any one of these requirements is missing. *ABN AMRO Mtge. Group, Inc. v. Jackson*, 159 Ohio App.3d 551, 556, 2005-Ohio-297, 824 N.E.2d 600, ¶11.

{¶8} Here, the parties do not dispute that OK Café has demonstrated two of the three prongs required under the *GTE* test, specifically that: OK Café had a meritorious defense or claim to present if relief was granted, and that the motion was made within a reasonable time. Rather, what is at issue in this appeal is whether OK Café demonstrated that its conduct constituted excusable neglect under Civ.R. 60(B)(1).

{¶9} The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that "* * * the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. See, also, *D.G.M., Inc. v. Cremeans Concrete & Supply Co., Inc.* (1996), 111 Ohio App.3d 134, 675 N.E.2d 1263; *Katko v. Modic* (1993), 85 Ohio App.3d 834, 621 N.E.2d 809; *Amzee Corp. v. Comerica Bank-Midwest* (May 21, 2002), 10th Dist. No. 01AP-465, 2002-Ohio-3084. The Court has also stated that Civ.R. 60(B) is a remedial rule that should be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 12, 371 N.E.2d 214, quoting 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851. In determining whether a party's actions amount to excusable neglect, courts must look to the facts and circumstances of each case. *D.G.M., Inc.*, 111 Ohio App.3d at 138.

{¶10} Here, OK Café claims that under the facts and circumstances of this case, OK Café's conduct did not constitute a complete disregard for the judicial system and amounted to excusable neglect. It had a procedure in place to handle the receipt of mail by its employees: mail was to be placed in Karen's mailbox or on her office desk. In addition, even though the employee signed the receipt, she had no recollection of receiving the letter, and no one knows what happened to

this letter after it was signed. Moreover, OK Café took immediate steps to respond to the complaint when it eventually did become aware of the lawsuit (when it received notice of the damages hearing). In support of its argument, OK Café cites to the following cases, which it claims are factually similar to its case: *Hopkins v. Quality Chevrolet, Inc.* (1992), 79 Ohio App.3d 578, 582, 607 N.E.2d 914 ("relief from default judgment may be granted on the basis of excusable neglect when service is properly made on a corporation but a corporate employee fails to forward the summons and complaint to the appropriate person"); *Perry v. General Motors Corp.* (1996), 113 Ohio App.3d 318, 324, 680 N.E.2d 1069 (relief under Civ.R. 60(B)(1) available where defendant supported motion for relief with affidavits indicating complaint and summons were inadvertently sent to wrong department and misplaced, and, therefore, never received by appropriate person in corporate hierarchy); *Enhanced Systems, Inc. v. CBM Computer Center* (July 20, 1989), 8th Dist. No. 56978, at *2-3 (holding that there were proper grounds for excusable neglect when corporation's general counsel did not receive a copy of plaintiff's complaint because it was misplaced in transit from another corporate employee); *Sycamore Messenger, Inc. v. Cattle Barons, Inc.* (1986), 31 Ohio App.3d 196, 196-97, 509 N.E.2d 977 (holding a corporation's motion for relief from a default judgment may be granted on the basis of excusable neglect, where service is properly made, but the corporation's bookkeeper fails to forward the summons and complaint to the appropriate person). After a review of the record

and the relevant case law, we do not believe that the trial court abused its discretion in denying OK Café's motion for relief.

{¶11} A defendant may still obtain relief from a default judgment on the basis of excusable neglect when service is properly made on the corporation but a corporate employee fails to forward the complaint to the appropriate person. *Linquist v. Allstate Ins. Co.*, 5th Dist. No. 2006CA00391, 2007-Ohio-4587, ¶20, citing *Hopkins v. Quality Chevrolet, Inc.* (1992), 72 Ohio App.3d 578, 607 N.E.2d 914. However, in order to obtain relief under those factual circumstances, "the corporation must provide sworn affidavits or evidence to support the claim that excusable neglect was the basis for the failure to answer." Id., citing *Hopkins*, 72 Ohio App.3d at 583. These affidavits are sufficient if they establish the following: "(1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed until such time as a default judgment had already been entered against the corporate defendant." Id., citing *Hopkins*, 72 Ohio App. 3d at 583, *Woodside Pet Cemetery, Inc. v. W.G. Lockhart Const. Co.* (Oct. 26, 1998), 5th Dist. No. 1997CA00402.

{¶12} While there is evidence in the affidavits that OK Café had an established procedure dealing with legal process, there was no evidence that such procedure was not followed. No one could remember what happened to the complaint and summons: Ryan could not remember what happened after she

signed the receipt because she did not remember even receiving the letter; and Karen could only assume that because she never saw it, the complaint and summons must have been "thrown away or misfiled." As this Court has previously stated, "[t]he unexplained disappearance of the summons after its receipt by the defendant cannot per se be held 'excusable neglect.'" *LaKing Trucking, Inc. v. Coastal Tank Lines, Inc.* (Feb. 9, 1984), 3d Dist. No. 1-83-3, at *4. Thus, based on the evidence presented to the trial court, we believe that it was reasonable for the trial court to find that "all the Court is left with is an unexplained disappearance of the summons after its receipt by the Defendant," and therefore, ultimately deny OK Café's motion for relief.

{¶13} In addition, we find that all of the cases cited by OK Café can be distinguished from this particular case. In *Hopkins*, the affidavit of the corporation's president attested that a former employee had failed to forward the summons and complaint to his supervisor. 79 Ohio App.3d at 582-83. In *Perry*, the corporation's official testified that the complaint was misplaced after an employee sent it to the payroll department rather than to corporate counsel. 113 Ohio App.3d at 321-24. In *Enhanced Systems, Inc.*, the defendant presented unrebutted evidence establishing that the corporation's general counsel never received a copy of the complaint because it had been misplaced in transit from another corporate employee. (July 20, 1989), 8th Dist. No. 56978, at *3. Finally, in *Sycamore*, the affidavit from an officer of the corporation stated that the

corporation never received notice because the bookkeeper had failed to forward the summons and complaint to the appropriate person. 31 Ohio App.3d at 196. In each of the above cases, there was evidence as to why the complaint and summons never reached the appropriate person: there was a breakdown in the established procedure. Here, there was no evidence that OK Café's procedure was not followed because the person who signed for the receipt could not even remember receiving the documents and did not know why the owner never received it.

{¶14} Finally, while we acknowledge that courts should liberally construe Civ.R. 60(B) when determining whether a party's conduct constitutes excusable neglect, here there was no evidence of neglect for the trial court to have liberally construed since the employee could not remember even receiving the documents.

{¶15} Therefore, based on the evidence in the record, we find that it was reasonable for the trial court to have denied OK Café's motion for relief when the evidence only demonstrated an "unexplained disappearance" of the summons and complaint.

{¶16} OK Café's assignment of error is, therefore, overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jnc**