[Cite as *DiVincenzo v. DiVincenzo*, 2023-Ohio-570.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| PAULA DIVINCENZO, | **CASE NO. 2022-L-052** |
| Petitioner-Appellee, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas,<br>Domestic Relations Division |
| STEVE DIVINCENZO, | |
| Respondent-Appellant. | Trial Court No. 2019 DV 000038 |

**O P I N I O N**

Decided: February 27, 2023
Judgment: Affirmed

*Sandra A. Dray*, Sandra A. Dray Co., LPA, 1111 Mentor Avenue, Painesville, OH 44077 (For Petitioner-Appellee).

*Hans C. Kuenzi*, Hans C. Kuenzi Co., LPA, The Offices at Pinecrest, 100 Park Avenue, Suite 210, Orange Village, OH 44122 (For Respondent-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Steve DiVincenzo ("Father"), appeals from an amended domestic violence civil protection order ("DVCPO") issued by the Lake County Court of Common Pleas, Domestic Relations Division, after our remand in *DiVincenzo v. DiVincenzo*, 11th Dist. Lake No. 2021-L-093, 2022-Ohio-434 ("*DiVincenzo I*"). The amended DVCPO granted protection to the minor son of Father and appellee, Paula L. DiVincenzo ("Mother"), for a term of five years, and includes an agreed judgment entry granting Father supervised parenting time for three hours each week. In addition, as part of our remand order in *DiVincenzo I*, the trial court allowed Father to proffer the testimony

of the guardian ad litem ("GAL") from the parties' divorce case since the trial court prohibited the GAL from testifying at the full DVCPO hearing and did not allow Father to proffer the GAL's testimony at that time.

{¶2} Father raises four assignments of error on appeal, contending that the trial court erred by (1) barring the testimony of the GAL from the parties' post-divorce proceedings at the full DVCPO hearing; (2) imposing supervised parenting time; (3) limiting supervised parenting time to three hours per week; and (4) extending the term of the DVCPO to the statutory maximum of five years.

{¶3} After a careful review of the record and pertinent law, we find Father's assignments of error are without merit. (We address them out of turn for the sake of cohesiveness and the last three together since they are part and parcel of the same issue.) It is imperative to keep in mind that a DVCPO is a special, truncated proceeding intended to provide immediate and temporary protection in dangerous domestic situations.

{¶4} We cannot say the trial court erred by imposing supervised parenting time for three hours a week and/or for issuing the DVCPO for the statutory maximum term of five years since the trial court appropriately tailored the DVCPO to the circumstances of this case to keep the child safe from harm. More specifically, the trial court found Father recklessly caused bodily injury to the child, which resulted in burns over 25% of the child's body and a resultant criminal conviction for Father. The court also found that supervised parenting time and the maximum term of five years were necessary to keep the child safe, particularly since the child is too young to self-protect from reckless behavior and poor judgment. In addition, the trial court adopted the parties' agreement that Father's

2

Case No. 2022-L-052

supervised parenting would occur for three hours per week. A "best interest" analysis is not required, as Father contends. A more permanent modification of parental rights and responsibilities (with a mandated best interest analysis) may be obtained through a motion to modify the shared parenting decree pursuant to R.C. 3109.04(E) in the parties' post-divorce proceedings.

{¶5} Nor can we say the trial court abused its discretion in barring the GAL from testifying because the GAL admitted she would be testifying as a layperson with no knowledge of the specific incident. The GAL was appointed several months after the incident occurred in the parties' post-divorce proceedings upon a motion for visitation rights that was filed by the child's paternal grandmother (Father's mother) for that limited purpose.

{¶6} The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

## Substantive and Procedural History

{¶7} In February 2019, Mother filed a petition for a DVCPO pursuant to R.C. 3113.31, following an incident in which the parties' minor child, who was then four years old, suffered second-degree burns caused by scalding hot water falling down the length of his back while in Father's care. Mother requested she and the child be named protected persons.

{¶8} The magistrate issued an ex parte order that included suspending Father's parenting time. The parties agreed to a modified interim order, which provided Father with supervised parenting time.

3

{¶9} The full hearing on the petition for DVCPO was delayed due to a criminal investigation of the child's injuries. In April 2020, in the Lake County Court of Common Pleas, Father pleaded no contest to one count of endangering children, a first-degree misdemeanor, in violation of R.C. 2919.22(A). One month later, Father was sentenced to one year of community control, 180 days in jail, with 149 days suspended, and ordered to have no contact with the child.

{¶10} Thereafter, the trial court in this case approved the parties' agreement to allow Father to have FaceTime contact with the child four times per week.

{¶11} The case proceeded to a full hearing on the petition for DVCPO. As relevant to this appeal, during the hearing, Father called the GAL from the parties' post-divorce proceedings as a witness. The GAL had been appointed after the incident in an unrelated matter, i.e., the paternal grandmother's motion for visitation. Mother objected. The GAL informed the court that she could only testify as a layperson in this matter because it was ancillary to the parties' divorce case. The trial court sustained Mother's objection and found the GAL would not testify since it was unnecessary and unrelated. Further, there was evidence for the trial court to consider regarding Father's supervised visits following the incident by way of the parenting time supervisors' reports.

{¶12} Ultimately, the trial court found Father recklessly caused the child to suffer second-degree burns on 25% of his body and failed to exercise due care by not obtaining appropriate medical treatment for the child after the accident. The incident also resulted in a criminal conviction. The court determined that the child was unable to protect himself from Father's "reckless conduct or poor judgment." Further, the court noted that the

4

reports of the parenting time supervisors showed Father's home was unkempt and mouse-infested and that Father's personal hygiene was appalling.

{¶13} The trial court issued a five-year DVCPO, naming Mother and the child as protected persons, which included the parties' agreement in an agreed judgment entry to allow Father supervised parenting time for three hours a week.[1]

{¶14} Father appealed. In *DiVincenzo I*, we reversed and remanded after determining that (1) Mother should not be named as a protected person since there was no testimony that she was in danger of domestic violence and (2) Father was denied the opportunity to proffer the GAL's testimony. Thus, we were unable to review the propriety of, or any prejudice resulting from, the trial court's ruling prohibiting the GAL from testifying at the DVCPO hearing. *Id.* at ¶ 11, ¶ 17.

{¶15} Upon remand, the trial court issued a "remand judgment entry," in which the trial court noted that after the remand in *DiVincenzo I*, Father filed a motion to appoint the GAL from the parties' domestic relations case as the GAL in the instant case. In addition, the GAL filed a motion for an attorney telephone conference. The trial court denied both motions in the remand proceeding.

{¶16} Father then proceeded with his proffer, which relied on the GAL's investigation in the domestic relations case. The proffer stated "the GAL would testify she saw Father in her office three times; that she saw Father and the parties' minor child at Father's house two times; that she saw Father at his house once without the minor

---

1. While this case was pending, Mother filed a motion to terminate shared parenting, which the trial court ultimately granted. We recently reversed and remanded in *DiVincenzo v. DiVincenzo*, 11th Dist. Lake No. 2022-L-014, 2022-Ohio-4457 ("*DiVincenzo II*"), because the trial court erred in taking judicial notice of the factual findings made in the DVCPO proceeding and in dismissing Father's motion to show cause based on the ex parte DVCPO. *Id.* at ¶ 30.

5

child. The GAL would testify she does not believe supervision of Father's parenting time is necessary. Further, the GAL would testify Father and minor child need meaningful blocks of time together, including overnights. The GAL would testify Father had a profound lack of judgment in the February 6, 2019, scalding incident of the minor child and she does not believe Father has a tendency towards reckless behavior. He has learned from the February incident.

{¶17} "The proffer would include that the GAL determined the Respondent's home is appropriate for the minor child. At this point, counsel for Father was cautioned by this Judge during the proffer not to include facts already in evidence from the full hearing.

{¶18} "The GAL's proffer would include that the Respondent desires a more positive relationship with the Petitioner; that the minor child wants to spend more time with Respondent. The GAL spoke with [a] Cuyahoga County Child Protective Services workers after the GAL's appointment."

{¶19} In accordance with the remand order, the trial court issued an amended DVCPO removing Mother as a protected person and included the parties' previously agreed judgment entry granting Father supervised parenting time for three hours a week.

{¶20} Father raises four assignments of error on appeal:

{¶21} "[1.] The trial court erred in barring the testimony of the Guardian Ad Litem at [the] full hearing.

{¶22} "[2.] The trial court erred in imposing supervised parenting time between defendant-appellant and the minor child.

{¶23} "[3.] The trial court erred in limiting supervised parenting time between defendant-appellant and the minor child to three hours each week.

6

**{¶24}** "[4.] The trial court erred in extending the term of the protection order to its statutory maximum of five years."

**{¶25}** We review Father's assignments of error out of turn for the sake of cohesiveness. Further, we address Father's second, third, and fourth assignments of error together since they concern the scope of the DVCPO, particularly as to the trial court's temporary allocation of Father's parenting time.

## Scope of the DVCPO

**{¶26}** Father challenges whether the trial court erred by imposing supervised parenting time, limiting supervised parenting time to three hours per week, and lastly, by issuing the DVCPO for the statutory maximum period of five years.

**{¶27}** When a trial court finds, by a preponderance of evidence, that the petitioner or the petitioner's family is in danger of domestic violence, the trial court may grant a protection order to bring about a cessation of the domestic violence. *See* R.C. 3113.31. An appellate court will not reverse a trial court's decision to grant a civil protection order absent an abuse of discretion. *Deacon v. Landers*, 68 Ohio App.3d 26, 31, 587 N.E.2d 395 (4th Dist.1990); *Tredenary v. Fritz*, 11th Dist. Lake No. 2017-L-045, 2017-Ohio-8632, ¶ 23.

**{¶28}** R.C. 3113.31 gives the trial court extensive authority to tailor the DVCPO to the circumstances before the court. *Felton v. Felton*, 79 Ohio St.3d 34, 38, 679 N.E.2d 672 (1997). As relevant to this case, a civil protection order may "*temporarily* allocate parental rights and responsibilities for the care of, or establish temporary visitation rights with regard to, minor children, if no other court has determined, or is determining, the allocation of parental rights and responsibilities for the minor children or parenting time

7

rights. (Emphasis added.) R.C. 3113.31(E)(1)(d). Therefore, by its own terms, R.C. 3113.31(E)(1)(d) permits the trial court to temporarily provide for the care of minor children, but the trial court in a civil domestic violence proceeding cannot issue a permanent decree allocating parental rights and responsibilities or permanently modify an existing decree. *Couch v. Harrison*, 12th Dist. Clermont No. CA2000-08-063, 2001 WL 121108, *3 (Feb. 12, 2001). *See also Insa v. Insa*, 2016-Ohio-7425, 72 N.E.3d 1170, ¶ 34-36 (2d Dist.).

{¶29} In addition, R.C. 3113.31(E)(3)(a) provides that a DVCPO may be valid up to five years.

{¶30} At the outset, we must note that Father repeatedly contends that the trial court is required to conduct a "best interest" analysis in determining parenting time and whether it should be supervised and in determining the period of time a DVCPO shall issue in a DVCPO proceeding. That is simply not the case. A DVCPO is a special proceeding intended to provide immediate and temporary protection in dangerous domestic situations, and no best interest analysis is required.

{¶31} As the Twelfth District succinctly explained in *Couch*:

{¶32} "Although placement of minor children under R.C. 3113.31(E)(1)(d) necessarily involves considerations of the best interest of the children, the statute does not specifically require the trial court to consider the 'best interest factors' used for creating or modifying a shared parenting plan, or determining companionship rights. *See* R.C. 3109.04(F)(1); R.C. 3109.051(D). A court is not free to add words to a statute on the basis that the addition might be desirable, or in the belief the legislature 'meant' to include them. *Wheeling Steel Corp. v. Porterfield* (1970), 24 Ohio St.2d 24, 28. Had the

8

Case No. 2022-L-052

legislature intended to have trial courts weigh the best interest factors in R.C. 3109.04(F)(1) before allocating parental rights and responsibilities in a civil protection order, it would have expressly so declared. *See id.* Rather, R.C. 3113.31 demonstrates a clear and unambiguous legislative intent to enable the trial court to immediately provide for the temporary safety and protection of minor children. Where, as in this case, a minor child is the victim of domestic violence by a parent, it is patently obvious that [it] is in the child's best interest to be removed from the abusive situation." (Footnote omitted.) *Id.* at *3.

{¶33} The trial court found the evidence overwhelmingly showed that Father recklessly caused bodily injury to his four-year-old child, which resulted in burns over 25% of his body, and that Father was criminally convicted of endangering the child. Further, Father did not exercise any due care following the incident. The court specifically found that unsupervised parenting time would put the minor child in an unsafe situation and that a five-year protection order was necessary for the continued safety of the child—who was unable to protect himself from Father's reckless conduct or poor judgment.

{¶34} As to the length of time of the supervised parenting visits, we note that the trial court adopted the parties' agreement and that parental allocation of visitation is temporary in DVCPO proceedings. *See* R.C. 3113.31(E)(1)(d). A more permanent modification of parental rights and responsibilities may be obtained through a motion to modify the shared parenting decree pursuant to R.C. 3109.04(E). Indeed, the parties' divorce case has been reopened since Mother filed a motion to terminate shared parenting (and our recent remand on the issue in *DiVincenzo II*). We cannot say that the trial court erred in its determinations under these circumstances. *See Schottenstein v.*

9

Case No. 2022-L-052

*Schottenstein*, 10th Dist. Franklin No. 02AP-842, 2003-Ohio-5032, ¶ 9 (The trial court did not abuse its discretion where the DVCPO order complied with the requirements of R.C. 3113.31 by temporarily allocating parental rights and responsibilities and issuing the order within the statutory maximum of five years).

**{¶35}** Father's second, third, and fourth assignments of error are overruled.

### Testimony of the GAL

**{¶36}** In his first assignment of error, Father contends that the trial court erred by barring the testimony of the GAL at the hearing.

**{¶37}** A trial court's ruling on the exclusion of evidence is reviewed for an abuse of discretion. *DiVincenzo I* at ¶ 14. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). On review of purely legal questions, however, an appellate court has de novo review. *See Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, 784 N.E.2d 753, ¶ 15 (10th Dist.).

**{¶38}** As our review of the full DVCPO hearing and Father's proffer revealed, the trial court barred the GAL from testifying because, according to the GAL's own admission, she would be testifying as a layperson who had no knowledge of the specific incident that prompted the DVCPO hearing. As the GAL remarked at the hearing: "Some of the broader scope things that [Father's counsel] is to, I mean, anyone who would walk through [Father's] house could give that testimony or it could have been given by imagery or something else. So whatever my opinion as a layperson is worth, I will testify at the Court's pleasure." A review of Father's proffer reveals the GAL's testimony would have

10

concerned parenting time issues that are outside the scope of a DVCPO proceeding and perhaps are more relevant in the parties' post-divorce shared parenting proceedings. As we noted above, the GAL was appointed after the incident occurred in the parties' post-divorce proceedings upon the motion for visitation filed by the paternal grandmother. Further, there was layperson testimony by way of the parenting supervisors' report that was more directly relevant to the specific incident.

{¶39} The General Assembly enacted the civil domestic violence statute to specifically authorize a court to issue protection orders designed to ensure the safety and protection of family and household members. *Felton* at 37. When faced with the reality of domestic violence, the trial court has an obligation to exercise its discretionary authority to respond to the immediate needs of the victim(s) and influence the behavior of the abuser. *Id.* at 44-45, citing Voris, *The Domestic Violence Civil Protection Order and the Role of the Court*, 24 Akron L.Rev. 423, 432 (1990). Thus, when a court determines the petitioner or the petitioner's family is in danger of domestic violence, the trial court may grant a protection order to bring about a cessation of the domestic violence. R.C. 3113.31(E)(1). The trial court has extensive authority under R.C. 3113.31(E) to tailor the civil protection order "*to the exact situation before it at the time.*" (Emphasis added.) *Felton* at 38.

{¶40} "'[I]n order for a reviewing court to reverse an evidentiary ruling of the trial court, an appellant must affirmatively demonstrate through the record on appeal not only that error was committed, in the technical sense, but also that such error was prejudicial to appellant, except in rare circumstances where the error is so substantial that prejudice will be presumed.'" *Heath v. Heath*, 12th Dist. Fayette No. CA2016-08-011, 2017-Ohio-

11

5506, ¶ 23, quoting *Moser v. Moser*, 72 Ohio App.3d 575, 579-580, 595 N.E.2d 518 (3d Dist.1991).

{¶41} We cannot say the trial court abused its discretion in excluding the GAL's testimony under these circumstances.

{¶42} Fathers first assignment of error is overruled.

{¶43} For the foregoing reasons, Father's assignments of error are without merit and the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2022-L-052